McKean, C. J.,
 

 in his charge to the jury, laid down the following positions:—
 

 The recital of one deed in another deed, is no evidence but against the party claiming under it. Vaugh. 74 ; Gilb. L. Ev. 99.
 

 (a)
 

 The statute of 32
 
 Hen. VIII, c.
 
 9, against
 
 embracery,
 
 does not make void the contract; notwithstanding the cases in 1 Hawk. 249; Carth. 251; 2 Black. 290; for those cases extend only to contracts where no penalties are in- • dieted.
 

 The statute of 32
 
 Hen. VIII, c.
 
 9, is not in force in Pennsylvania; nor is the 21
 
 Jac. I, c.
 
 16, but the statute of limitations of 32
 
 Hen. VlII., c.
 
 2, is in force here.
 
 (b)
 
 This state has had her government above a hundred years; and the statute of
 
 embracery
 
 has never been extended either by law, or practice, during that period. It is the opinion of the court, however, that the common law of England has always been in force in Pennsylvania ; that all statutes made in Great Britain, before the settlement of Pennsylvania, have no force here, unless they are convenient and adapted to the circumstances of the country; and that all statutes made
 
 since
 
 the settlement of Pennsylvania, have no force here, unless the colonies are particularly named,
 
 (c)
 
 _ The spirit of the act of assembly passed in 1718 supports the opinion of the court.
 

 The statute of limitations, 32
 
 Hen. VIII, c.
 
 2, has always been received in Pennsylvania. Fifty years’ possession has not been the rule; but it is agreeable to the practice, that sixty years’ possession should be a bar.
 

 An
 
 ejectment
 
 is almost the only action for trying the title to lands in this state.
 

 The recitals of, or in deeds, with respect to a pedigree are evidence,
 

 (d)
 

 
 *66
 
 A bare perception of profits will not oust a tenant in common; and for the statute of limitations to operate as a bar, the possession must be
 
 ad-terse.
 

 (a)
 

 An interlineation, if made after the execution of a deed, will. avoid it, though in an immaterial point; nor is it to be presumed to have been made before ; the presumption is the contrary, unless otherwise proved,
 

 (b)
 

 Verdict for the plaintiff, as to one-third of the lot in question, and for the defendant, as to the other two-thirds.
 

 (a)
 

 See Penrose
 
 v.
 
 Griffith, 4 Binn. 231; Garwood
 
 v.
 
 Dennis, Id. 314, 327; Stoever
 
 v.
 
 Whitman, 6 Binn. 416; Bell
 
 v.
 
 Wetherill, 2 S & R. 350; Stewart v. Butler, Id. 381; Downing v. Gallaher, Id. 455.
 

 (b)
 

 See Boehm
 
 v.
 
 Engle, and Biddle v. Shippen,
 
 ante,
 
 p. 15, 19, and the notes to those cases.
 

 (c)
 

 See the report of the Judges of the Supreme Court to the legislature on this subject, 3 Binn. 595.
 

 (d)
 

 s. p. Paxton
 
 v.
 
 Price, 1 Yeates 400.
 

 (a)
 

 See Frederick v. Gray, 10 S. & R. 182; Cullen v. Motzer, 18 Id. 356.
 

 (b)
 

 s. p. Prevost v. Gratz, 1 Peters C. C. 169; Moore
 
 v.
 
 Bickham, 4 Binn. 1. And see Marshal
 
 v.
 
 Gougler, 10 S. & R. 64. Stahl
 
 v.
 
 Berger, Id.
 
 170.
 
 Babb v. Clemson, Id. 419. Heffelfinger
 
 v.
 
 Shutz, 16 Id. 44.
 
 [1]
 

 [1]
 

 In Jordan
 
 v.
 
 Stewart, 23 Penn. St. 249, the court say, that the rule laid down by Chief Justice McKean, in Morris
 
 v.
 
 Vanderen, is a harsh one, and has not been followed. Where no disputed claim exists in relation to an interlineation in a deed, or other written instrument, the presumption is, that it was made
 
 before
 
 execution; but where a contest has arisen, and the alteration is beneficial to the party offering the instrument in evidence, it is incumbent on him to explain it to the satisfaction of the jury. If the interlineation or erasure be noted in the attestation clause, this is sufficient; or It may be relieved from suspicion, by the similarity of the ink and handwriting, or the conduct of the parties. Ibid. An immaterial alteration will not avoid a deed ; nor a material one, if made by a stranger. Robertson
 
 v.
 
 Hay, 91 Penn. St. 242. But if a deed under which the plaintiff claims, appear upon its face, to have been altered in a material point, it is not admissible in evidence, without an explanation of the alteration. Burgwin
 
 v.
 
 Bishop, Ibid. 336. If alterations are noted in the attestation clause, the burden of showing fraud or forgery, is cast upon the party alleging it. Gratz
 
 v.
 
 Lehigh & Wilkesbarre Coal Co., 1 Kulp 53.