### *William H. Devoe* v. *Jacob Elliot.*

THIS was an action against the defendant to recover the value of a mare, sold by him to the plaintiff.

The facts were, that on the 17th *June*, 1800, a Nov. Term, 1804. writ of *fieri facias*, was delivered to the sheriff of *Montgomery*, against the goods, &c. of *Avery Herrick*, returnable on the third *Tuesday* in *July*, then next. On the 10th of *November* following, *Herrick* bought the mare in question, and sold her to the defendant, of whom she was purchased by the plaintiff. A few days after this, the sheriff levied on the mare in the plaintiff's hands, and sold her by virtue of the writ, then remaining unsatisfied.

The only question for the court was, whether a sheriff by virtue of a *fieri facias*, put into his hands before the return day, can legally sell goods which the party, against whose property the writ issues, may acquire, subsequent to the return?

*Cadey*, for the plaintiff.

*Hildreth*, contra.

*Per Curiam*, delivered by THOMPSON, J. The only question arising in this case, for the consideration of the court is, whether a sheriff can, by virtue of a *fieri facias*, duly delivered to him before the return day, legally levy on, and sell goods and chattels acquired by the defendant after the return day in the execution? I think he cannot. I take it to be a general principle, that all process must be served before the return day. The utmost length the law allows for executing a writ is, the day whereon it is returnable. When a sheriff has levied an execution in due time, he may complete the same by sale after the return day, but should he omit levying until that

day was passed, I should deem the execution dead. If these positions be correct, I cannot see how goods purchased by a defendant, after the return day in an execution is passed, can be taken and sold under such process. The only mode, I conceive, of getting at such property is, by procuring a return of the execution and issuing an *alias.* A contrary practice would be mischievous and a fraud upon other creditors.

The opinion of the court, therefore, is, that judgment of nonsuit be entered pursuant to the stipulation in the case.