*Pittsburg,*
*Saturday,*
September
13th.

FAULKNER *against* The Lessee of EDDY.

### IN ERROR.

The act of 22d April 1794, which prohibits any new applications for certain lands, does not prevent an alteration of the names of former applicants. The return of a deputy surveyor is merely *prima facie* evidence of the truth of the matter returned. A deed is not admissible in evidence, until at least a shadow of title is shewn in the grantor.

THIS was a writ of error to the Circuit Court of *Allegheny* county, upon a bill of exceptions to the opinion of YEATES and SMITH Justices.

The questions arising out of the bill of exceptions were argued by *Ross* for the plaintiff in error, and by *Woods* and *Addison* for the defendant in error; and in delivering his opinion, the Chief Justice has rendered any further statement unnecessary.

TILGHMAN C. J. This cause comes before the court on a bill of exceptions taken on the trial in the Circuit Court of *Allegheny* county. The material facts stated on the record are as follows: On the 25th *April* 1793, a certain *John M‘Kee* entered applications in the land office for six thousand acres of land, in tracts of four hundred acres each, in the names of sundry persons; of which the tract in dispute was one. In the month of *May* 1794, before any warrants were taken out, he had surveys made on the applications. On the 24th *May* 1794, he sold his right in these lands to *Gideon Hill Wells*, and *Richard Hill Morris*, who in *June* 1794 paid the consideration money to the state, and took out warrants, having previously altered the names of the applicants by consent of the said *M‘Kee*, and with the approbation of the officers of the land office, who have proved that such alterations were customary in the office. The first surveys being supposed to be

illegal, subsequent surveys were made under the direction of M'Kee, and returned, and accepted in the land office; and the deputy surveyor having improperly and by mistake returned the surveys as having been made in *May* 1794, that mistake was corrected in the land office, and the returns made to correspond with the surveys in *March* 1795.

1806.

FAULKNER
*v.*
Lessee
of
EDDY.

The plaintiff below, having given in evidence the articles of agreement between *M'Kee*, and *Wells* and *Morris* for the purchase of the lands, proved by the oath of the said *M'Kee*, that the cabin and claim of a certain *John Wolf* were excluded by the survey which is mentioned in the said articles *viz.* the survey made before the warrants were issued. And the defendant then offered to read in evidence to the jury, a deed from the said *Wolf* to *John B. C. Lucas* Esquire, dated 23d *June* 1796, conveying the said cabin and claim of *Wolf* to the said *J. B. C. Lucas*. The court overruled the evidence because no proof had been given of any *legal* settlement made by the said *Wolf* prior to the survey of *Wells* and *Morris* in *March* 1795.

On this bill of exceptions, the counsel for the plaintiff in error have raised three points.

First, That the alterations of the name of the applicant, and of the name of the owner of the adjoining tract, which is referred to by way of description and boundary, is contrary to the act of 22d *April* 1794.

Secondly, That the deed from *Wolf* to *Lucas* ought to have been received as evidence.

Thirdly, That no parol evidence ought to have been received of the surveys made in 1795, inasmuch as the first returns stated the surveys to have been made in *May* 1794.

As to the *first* exception, I am of opinion that the alteration made in the application was not contrary to the act of 22d *April* 1794.* The intent of this act was to prevent the grant of any

* The first section of this law, enacts, " That from and after the passing " of this act, no applications shall be received in the land office for any " unimproved land within that part of this Commonwealth, commonly called " the New purchase, and the Triangular tract upon *Lake Erie*." The second section enacts, that no warrant shall issue for the above land, except in favour of persons claiming by settlement and improvement; and that all applications remaining on the files of the land office after the 15th *June* 1794, on which the purchase money shall not have been paid, shall be void; with a provision in favour of certain persons. 3 *St. Laws* 581.

1806.

FAULKNER
*v.*
Lessee
of
EDDY.

more lands, except in certain specified cases; it being supposed that the vacant lands in the state would not be sufficient to satisfy more than the amount for which the state had already engaged to make titles. The alteration in question did not increase that quantity; it evidently was for the *very same land,* that was described in the applications entered by *M'Kee.* Therefore it does not violate the spirit of the law.

In arguing the *second* point, the counsel for the plaintiff in error has not contended for the broad principle laid down in *M'Dill's lessee* v. *M'Dill,* (a) that any *deed* may be read in evidence, whether pertinent or not to the matter in issue. In this he was certainly right. It has been generally conceived that in that case the law was carried too far. But he relied on an agreement between *M'Kee* and *Wolf,* that the cabin of *Wolf* should not be taken from him. The record states not one word of any such agreement; and the case stands nakedly as of one who, having no kind of title, makes a deed conveying his right to another. It has been the practice at *Nisi Prius* to reject the deed in such cases; and I see no reason why it should be altered. It makes no difference to the party offering the deed, whether it is rejected at once, or whether the court suffer him to read it, and then tell the jury that it passes nothing. But it expedites the trial of causes to reject the deed in the first instance.

As to the *third* point, it appears to me extremely plain that it was proper to receive evidence to explain the whole transaction. The return of an officer is *prima facie* evidence, but not conclusive, of the truth of the matter returned. It would be a reflection on courts of justice, if in a case like the present, where the party had in truth procured a legal survey to be made, he should be estopped from shewing it, merely because there had formerly been an illegal survey, and the officer had made a mistake in his return. And this too, when the Commonwealth, the party most interested, had by its officers permitted the truth to be explained.

Upon the whole I am of opinion that the judgment of the Circuit Court be affirmed.

BRACKENRIDGE J. concurred in the opinion of the Chief

(a) 1 *Dall.* 64. 1 *Dall.* 69. *S. P.*

Justice with one remark, that if there had been any proof of a scintilla of title in *Wolf*, however small, he should have been of opinion that the deed ought to have been received as evidence.

Judgment affirmed.