## VAIL *against* LEWIS and LIVINGSTON.

*A sheriff has no authority to act under a fieri facias, after the return-day thereof.*

*If a sheriff levy a fieri facias, after the return-day has expired, by the direction of the plaintiff's attorney, he and the attorney, are both trespassers.*

*An action of trespass, and not case, lies against a sheriff who serves an execution, after it has expired.*

*No action will lie against a plaintiff, or his attorney, for neglecting to countermand an execution, after the return-day.*

*Where the time laid in a declaration under a scilicet, is material, and the gist of the action, it shall be taken to be the true time, and the scilicet, if repugnant, is to be rejected as void, or if consistent, is to be held a direct affirmation.*

THIS was an action of trespass on the case. The declaration contained three counts. The first count stated, that the plaintiff was indebted to *Lewis*, in the sum of 789 dollars and 58 cents, on a certain judgment obtained by *Lewis* against the plaintiff, in the supreme court, on the 16th *May*, 1808 ; that he, by *Livingston*, (the other defendant,) as his attorney, on the 5th *August*, 1808, sued out a *fieri facias*, on the said judgment, directed to the sheriff of *New-York*, against the goods and chattels, lands and tenements, of the present plaintiff, returnable on the second *Monday* of *November* next thereafter ; and, that before the return of the said writ of *fieri facias*, the said *Lewis*, by the said *Livingston*, as his attorney, on the 15th *August*, 1808, sued out on the same judgment, a writ of *testatum fieri facias*, in the usual form, directed to the sheriff of the county of *Westchester*, which was also made returnable on the second *Monday* of *November*, 1808. And the plaintiff averred, that the sheriff of the city and county of *New-York*, in obedience to the said writ of *fieri facias*, to him directed, afterwards, to wit, on the 23d day of *September*, 1808, levied of the goods and chattels of the plaintiff, the said sum of 789 dollars and 58 cents, together with his fees

and poundage, and then and there, paid to the defend-
ant *Livingston*, as the attorney of the defendant *Lewis*,
the said sum of 789 dollars and 58 cents, in full satisfac-
tion and discharge of the said debt, as by the return of
the said writ, &c. whereby, &c. Yet the said defendants,
contriving, &c. afterwards, and after the said debt was so
paid and satisfied, afterwards, to wit, on the 2d *December*,
1808, wrongfully, unjustly and maliciously, and not-
withstanding such payment and discharge, &c. caused and
procured, the sheriff of *West-Chester*, to execute the said
writ of *testatum fieri facias ;* and that the said sheriff, not-
withstanding such payment, &c. by virtue of the said
writ of *testatum fieri facias*, &c. and under colour and
pretence of the same, and the said judgment specified
therein, at *Rye*, in the said county of *West-Chester*, caused
to be levied of the goods and chattels of the plaintiff,
to wit, 1,000 barrels of flour, &c. to the value of 20,000
dollars, and the said flour so levied on, did, according to
law, then and there, publicly advertise for sale at auction,
on the 10th *December*, 1808, on which day, &c. in satis-
faction of the said writ, the said sheriff did sell and dis-
pose of the said goods and chattels, to the great damage
and loss of the plaintiff, whereby his credit in business
was, hath been, and is, by occasion, &c. greatly shaken,
impaired and diminished, &c.

The second count stated the issuing of the *testatum
fieri facias*, to the sheriff of *West-Chester*, and averred
the payment and satisfaction of the debt, afterwards, to
wit, on the 23d *September*, before the *test. fi. fa.* was
levied, and although the defendants might and ought
to have countermanded the execution of the *test. fi. fa.*
by the sheriff, to whom it was delivered, so as to have
prevented the goods and chattels of the plaintiff from be-
ing sold by virtue thereof; yet disregarding their duty,
&c. the defendants, or either of them, did not counter-
mand the execution, &c. whereby, &c. the sheriff after-

ALBANY,
August, 1809.

Vail
v.
Lewis
and Livingston.

ALBANY,
August, 1809.

Vail
v.
Lewis
and Livingston.

wards, &c. (as in the first count.) And after the said plaintiff had so paid and satisfied the said debt, &c. mentioned in the said writ of *test. fi. fa.* and before the return thereof, to wit, on the 2d *December,* 1808, caused to be levied, &c. ( as in the first count.)

The third count was similar to the first.

There was a general demurrer to the declaration and joinder.

*Slosson,* in support of the demurrer. 1. The action should have been *trespass,* and not *trespass on the case.* The *test. fi. fa.* having expired, long after its return day, the sheriff of *West-Chester* had no authority to make the levy, which he made on the 2d *December,* so that the injury was a trespass. It is true, the declaration states that the levy was made before the return of the writ; but this can only mean, that it was before the writ was actually returned and filed in the clerk's office. A writ cannot be served, after the return day has expired. In the case of *Devoe* v. *Elliot,**  it was expressly decided, that all process must be served before the expiration of the return day. The same principle is to be found in the case of *Harvey* v. *Broad.*†

The bare delivery of the writ to the sheriff, does not devest the property of the defendant named in the execution, nor give the sheriff such an interest, that he may, after the return day, proceed to levy and sell. In the case of *Smallcomb* v. *Cross* and others,‡ chief justice *Holt* says, " that if a writ of execution be delivered to the sheriff against *A.* and *A.* becomes bankrupt before it is executed, the execution is superseded, and, consequently, the property of the goods is not absolutely bound by the delivery of the writ to the sheriff."

This action is on the ground of a malicious execution of the writ; but if the writ, on the face of it, had expired and was dead, it could not, by law, be executed.

*Margin notes:*

* 2 *Caines,* 243.

† 6 *Mod.* 148. 159. 196. 8 *Mod.* 225. 2 *Tidd's Prac.* 1072. 10 *Viner, Execution,* (A. a.) 568.

‡ 1 Ld. *Raym,* 252. 10 *Viner,* 566. *Comb.* 145. 2 *Eq. Cas. Abr.* 381. 4 *East,* 539, 540. *Tidd's Prac.* 915.

ALBANY,
August, 1809.

Vail
v.
Lewis
and Livingston.

The proceedings, afterwards, were, therefore, a trespass; and trespass on the case does not lie; this, on a general demurrer, is a valid objection. Where the injury is immediate, it is trespass; where it is consequential, trespass on the case is the proper remedy. If the defendants did order the sheriff to levy the execution, after it had expired, they, as well as the sheriff were trespassers; for in trespass, all are principals.*

* 3 *Wils.* 377.

Again, if by the operation of law, the execution became dead, after the time of its return had expired, it was not the duty of the attorney to countermand it. It would have been an act of supererogation in him, to direct the sheriff not to execute a writ, which by law he could not execute.

2. No action will lie against the defendant, *Livingston,* who was the attorney of *Lewis.* The declaration states, that *Lewis,* by his attorney, *Livingston,* issued the execution, &c. and that by him, he ought to have countermanded it.

Whenever an attorney acts in the course of his professional duty, he is not personally answerable, unless he acts without the authority of his client, or is guilty of irregularity.† It appears from the declaration, that *Lewis* did not direct *Livingston* to countermand the *test. fi. fa.* he was, therefore, justified in proceeding.

† 1 *Mod.* 209. 3 *Wils.* 388.

If there be one of several defendants, against whom no cause of action exists, this may be taken advantage of on a general demurrer.‡

‡ *Henly* and *Broad's* case, 1 *Lev.* 41. pl. 5. Sir *John Hayden's* case, 11 *Co.* 56. s. 1. *Hob.* 164. 199. *Cro. Eliz.* 30.

3. The plaintiff, in his declaration, ought to have stated a request to *Lewis,* or to his attorney, to countermand the *test. fi. fa.* since he knew that it was in the hands of the sheriff.§

§ 1 *Bos. & Pull.* 388.

ALBANY,
August, 1809.

Vail
v.
Lewis
and Livingston.

*Hoffman* and *Emmet*, contra. Admitting, that the sheriff cannot levy an execution after the writ has expired, yet the declaration sets forth a good cause of action. This is not an ordinary action on the case for an illegal act. It is founded on the *malice* of the defendants ; it is in the nature of an action for a conspiracy, for contriving and confederating together, to injure the plaintiff, and of issuing the *test. fi. fa.* with that intention, and for that purpose. The *gist* of the action, is malice. In this view of the action, there can be no doubt, but that *Lewis* and his attorney may be joined.

The levy is alleged to have been made before the return of the writ, to wit, on the 2d *December*. Where the day is alleged, under a *scilicet*, the plaintiff may, at the trial, prove another day, as the true day as the 2d *September*. He is not confined in his proof to the exact day. Where the day is not essential, it cannot be objected, on a general demurrer, that the day is wrong. In ejectment, if the *ouster* is laid before the demise, but under a *scilicet*, the day mentioned may be rejected as surplusage. Where the allegation is that the levy was before the return of the writ, the court must intend it to be before the return day. Then, if the words, 2d *December*, after the *scilicet*, be rejected, the averment must be sufficient.

**3 Wils. 368.** The case of *Barker* v. *Braham* and *Norwood*,* was an action of trespass, and the writ void *ab initio*. There is a difference between acting under a writ void *ab initio*, and a writ lawful and valid in its origin. It is to be observed, also, that in that case the attorney was joined with his client. In *Wentworth's Pleadings*, (vol. 8. p. 310.) there is an exact precedent for the declaration in this case, and which was, no doubt, followed by the attorney who drew it.

ALBANY,
August, 1809.

Vail
v.
Lewis
and Livingston.

In the case of *Scheibel* v. *Fairbain* and another,* though it was decided, that an action on the case would not lie for a mere neglect to countermand a writ, after the debt was paid ; yet the court held, that if the injury was *wilful* and *malicious*, the action would be supported.

* 1 *Bos. & Pull.* 388.

The present action is not for a nonfeasance, or neglect of duty, but for a wilful and malicious injury. The case of *Waterer* v. *Freeman*,† is a stronger case than the one before the court. This is, substantially, an action for a malicious prosecution,‡ and is to be tested by the same principles as an action of that description.

† *Hob:* 205, 206. 1 *Brownl.* 12.

‡ *Sel. N. P.* 940.

Admitting that the action would not lie against *Livingston ;* yet, as this is for a *tort*, there may be judgment against the other defendant.

*Slosson*, in reply. If, at the trial, the plaintiff had proved a levy on the 2d *December*, he would have maintained the issue ; the only way to take advantage of a wrong day, is by demurrer. If the time is material, it must be averred ; and it is then traversable. Here the day was material, for it was essential whether the return day had expired before the levy, or not. Though the day be laid under a *scilicet*, yet if it be material, the words before the day may be rejected as surplusage.§

§ 5 *Com. Dig. Plead.* (C. 19.)

If it be admitted, that no action lies against the attorney, then no judgment can be given against him, on this demurrer.

Where the act is not illegal, malice alone will not maintain this action.

VAN NESS, J. delivered the opinion of the court. Whether the defendants are liable at all for the injury of which the plaintiff complains, will depend upon a more perfect disclosure of facts hereafter. We are satisfied

that upon the case as stated in this declaration, they are not liable, in this form of action.

If the levy and sale by the sheriff of *West-Chester* were made after the execution in his hands was return= able, he acted without authority ; for after the return day of a *fi. fa.* the power of the sheriff under it is gone ; and the plaintiff is put to a new execution, if he wishes to pursue the defendant's property. (*Devoe* v. *Elliot*, 2 *Caines*, 243.) The latest period which the law allows for the service of an execution, is the day when it is re= turnable. This position, the plaintiff's counsel seemed to admit. To avert the consequences resulting from it, they contended, that it is not positively averred, that the levy and sale were made after the return day of the execution. This leads to a consideration of the point, whether the day on which the levy is stated to have been made in this case, is material or not, or, in other words, whether the plaintiff, upon a trial, may be permitted to prove that the levy was made on any other day than that laid in the declaration.

I consider the day, here, to be material, and, conse- quently, that the plaintiff would not, on the trial, be per- mitted to prove the service of the execution on any other day, than that stated in the declaration. If we are correct in this, it will be found, either that the defend- ants are not liable at all, or, if liable, that this is not the proper form of action. The plaintiff is bound to show, not only that he has sustained an injury, for which the law gives him right of action, but also that he has such right, in the particular form of action, to which he has resorted for a satisfaction. The *gravamen*, in the first count, is, that the defendants maliciously caused and pro- cured the sheriff of *West-Chester*, to execute the *test. fi. fa.* in his hands, after the payment of the judgment to the sheriff of *New-York*, on the execution, previously de= livered to him. And it is averred, that the sheriff of

ALBANY,
August, 1809.

Vail
v.
Lewis
and Livingston.

*West-Chester*, made his levy on the 2d day of *December*, (laid under a *videlicet*,) which was after the execution was returnable, and that he sold, on the tenth of the same month, which is also laid under a *videlicet*. If the levy and sale did, in fact, take place on those days, the sheriff was wholly unauthorised; and if the defendants caused and procured the proceedings, nothing can be clearer, than that they are all *trespassers;* because, the taking the plaintiff's property, in that case, was unlawful, and the injury resulting therefrom was direct and immediate, and not consequential. It is in this point of view, that we deem the day here to be material.

The general rule of law on this subject, is laid down with great precision and accuracy, by Sir *William Blackstone*, (*arguendo*,) in the case of the *Bishop* of *Lincoln* and another v. *Wolfreston*. (1 *Bl. Rep.* 495.) " The true distinction," he says, " is, that where the time at which a fact happened is immaterial, and it might as well have happened at another day, there, if alleged under a *scilicet*, it is absolutely nugatory, and is, therefore, not traversable ; and if it be repugnant to the premises, it shall not vitiate the plea, but the *scilicet* itself shall be rejected as superfluous and void. But where the precise time is the very point and *gist* of the cause, there the time alleged by a *scilicet* is conclusive and traversable; and it shall be intended to be the true time, and no other," &c.

It was said, on the argument, that as the day in this case was laid under a *scilicet*, the plaintiff was not bound to conform his proof to the particular day stated. This is true only when the day is immaterial; the well settled rule being, that if the day laid be material, it must be proved, notwithstanding it be laid under a *scilicet*.

It is of importance, that the boundaries between the different actions should be preserved, particularly be-

tween the actions of *trespass*, and *case*. In the case of *Sevignac* v. *Roome*, (6 *Term Rep.* 125.) the judgment was arrested, after a trial and verdict for the plaintiff, because it appeared from the declaration, that the action ought to have been *trespass*, and not *case*. The case of *Bennus* v. *Guyldley*, (*Cro. Jac.* 505, 506.) is so exactly like the present, that I think it proper to state the substance of it. It was an action on the case. The declaration stated, that the defendant recovered a judgment against the plaintiff, part of which was afterwards paid, and the residue released; and the defendant covenanted that he would withdraw all process of execution for the same. The declaration farther stated, that the defendant intending to vex him, &c. served a *ca. sa.* returnable 3 *Trin.* following, which he delivered to the sheriff to execute, who, by force thereof, afterwards, to wit, on the 20th day of *July*, &c. arrested and detained him, until he paid the amount of the judgment. The defendant pleaded that the sheriff did not arrest by his appointment; to which plea, being vitious, the plaintiff demurred. At the argument, the defendant did not maintain the plea, but took several exceptions to the declaration, one of which was, that it was shown, *that the sheriff made the arrest on the* 20th *July, which was long after the return of the writ;* so it was done without warrant, and is *false imprisonment*, in the sheriff who took him by colour of that process, *and for that cause principally*, the declaration was held to be ill by all the court.

The principles upon which this case was decided, have been repeatedly recognised since. (*Green* v. *Rennet*, 1 *Term Rep.* 656. *Pope* v. *Foster*, 4 *Term Rep.* 590.) We are of opinion, therefore, that the plaintiff cannot recover in this form of action, for the injury stated in the first count.

The second and third counts state the issuing of the two executions, with some immaterial variations, as in the first count ; and that the amount of the judgment was paid by the plaintiff to *Livingston*, one of the defendants. The ground of complaint is, that after the payment of the judgment, the defendants were bound to have countermanded the service of the execution, delivered to the sheriff of *West-Chester*, so as to have prevented the plaintiff's goods from being levied on and sold, &c. and that the defendants, *maliciously intending* to injure the plaintiff, did not countermand, and that the sheriff of *West-Chester*, did, afterwards, and before the " return of the execution, *to wit*, on the 2d *December*," seize, and, afterwards, sell the plaintiff's goods.

If it be true, that after the return of the writ, its force was spent, then, the defendants certainly had no reason to apprehend that the sheriff would proceed upon it, and they were under no legal or moral obligation to countermand it. It being unlawful for the sheriff to proceed, they had a right to presume that he would not proceed. The sheriff acted without any directions from them, and it would, therefore, be unjust to hold them responsible for his misconduct. In this state of the case, it cannot but be seen, that the day of the levy becomes the turning point, and is, therefore, an important and material fact. That being the case, the plaintiff is bound by the very day laid in the declaration. The allegation, that the defendants, " wilfully and maliciously," neglected to countermand, and prevent a further proceeding on the execution, does not alter the case ; for, if the law did not impose it upon them, as a duty to countermand, then omitting to do so, whatever may have been their motives for the omission, will not subject them to an action.

It was said by the plaintiff's counsel, that in these two counts, it is alleged, that the levy was made " before the return of the execution," and that the day, ( 2d *De-*

ALBANY,
August, 1809.

Vail
v.
Lewis
and Livingston.

*cember*,) afterwards, being laid under a *scilicet*, ought to be rejected as surplusage. The declaration then would stand without any day, as to the time when the levy was made. Without stopping to inquire how far it would be vitious for that cause, I proceed to give the more conclusive answer to this argument. A *scilicet* repugnant to the preceding matter is void, and may, of course, be rejected as surplusage. But when a *scilicet* is not repugnant to the preceding matter, but will agree with it, then the *scilicet* is a direct affirmation, and shall be taken positively. The levy here, is said to have been made, " before the return of the execution." This may well mean, and so it ought to be understood, before the actual return of the execution, into the office; and then it is entirely reconcilable with the time when it is alleged the execution was served, viz. the second of *December*.

The case of *Treswaller* v. *Keyne*, (*Cro. Jac.* 619, 620.) appears to be in point. Without giving any opinion on the other points raised in the argument, we are of opinion, that the demurrer is well taken, and that the defendants are entitled to judgment.

Judgment for the defendants.