Tilghman C. J.
(After stating the case.) It is incumbent, on the plaintiff in ejectment to shew title under the Commonwealth, and this is most properly done by producing a patent. Why. then was not this patent evidence ? Because, say the defendants, it appears, that a warrant and survey were issued and made for Thomas Houston, and it does not appear otherwise than by the recital in the patent, that Houston had transferred his right to the patentees. But this is not a good objection. The recital is evidence against the Commonwealth, and all persons claiming under the Commonwealth after the date of the patent. The defendant has not connected his title with Houston’s, nor indeed has he shewn any title, but stands on his possession. In the first place then the patent shews, that the Commonwealth granted all its right to the persons under whom the plaintiff claims. For that purpose, at least, it is evidence. Whether the recital shall affect the defendant is a different question, and will depend upon the time at which his title under the Commonwealth commenced. The case of Penrose v. Griffith, (4 Binn. 231.) has been relied on by the defendant’s counsel, and particularly in that part of my opinion, (page 236.) in which I say, that “ it is “ incumbent on the plaintiff to bi-ing his case within the ex- “ ception to the general rule of evidence, by shewing that the “ defendant claimed under the Commonwealth, by title de- “ rived after the date of the patent.” These general expressions are to be applied to the case then before the Court, where it appeared by the evidence at what time the defendant’s title commenced. The facts, therefore, being in evidence, it lay upon the plaintiff to shew from those facts, that his case fell within the exception. But when the defendant *457 ^hews no title, the case is different. By the bye, in Penrose v. Griffith, the patent was admitted in evidence without opposition, and the only question was, as to the effect of the recital. Without deciding, therefore, on the effect of the recital, I am of opinion, that the patent ought in the present case to have been received In evidence.
There is another exception to the Court’s opinion. [Here the Chief Justice stated it.] The word subscriber may be applied either to the grantor or the witnesses. No doubt the grantor was intended, and I will not say, that it may not be so understood. . But I do not see how'the defect in the wánt of date can be got over. The land lies in the county which was once Bedford, afterwards Huntingdon, and is now Cambria. For anything that appears, therefore, the deed may have been' acknowledged after the land had ceased to be in Bedford county, and before a Justice of the Court of Com■mtm Pleas had power to take an acknowledgment of a deed conveying lands lying out of his county, which was hot until the passing of the act of assembly of 13th April, 1791, (3 Sm. Laws, 31. sect. 10.) But it ought to appear, that the ac-knowledgment was taken before a person legally authoriséd: Snd if not so appearing, I think the Court Was right in rejecting the evidence. On the whole, I am of opinion, that the judgment should be reversed, and a venire facias de novo awarded.
Trates J. was sick and absent.
Gibson J.
The patent was' admissible as direct evidence of a grant to the plaintiff; and its competency, therefore, cannot be disputed even should the recitals it contains not be deemed evidence against the defendant. But I have no hesitation in saying the recitals were evidence. The law is very clearly stated in Penrose and Griffiths, where it is laid down, that a recital is evidence of the fact against the grantor, and all persons claiming by title derived from him subsequently, but not against a person claiming by title prior to the deed, nor against a stranger. But in the case of a patent who can be considered a stranger? Every person in possession of land, and claiming it, must be considered as holding either mediately or immediately from the Commonwealth. The commencement of possession, therefore, being the origin of *458 a title of some sort, under the state, I take it to be the business of the party resisting the competency of a recital, to shew the commencement of his title; otherwise he will be considered as claiming under the state by title subsequent to the patent. The origin of a party’s title lies peculiarly within his own knowledge, and in the case of a naked possession it would be nearly impossible for the opposite party to fix its commencement with any reasonable degree of certainty. Convenience, therefore, seems to require, that the party making the objection should be prepared with evidence of the facts necessary to sustain it.
As to the other point, the certificate of acknowledgment of the deed poll, which was objected to, is without date, and it therefore does not appear the acknowledgment was taken at á time when the Judge had authority. It is also defective in not stating explicitly, that the person who made the acknowledgment was the grantor; and this to prevent as far as possible a fraudulent personating of another by the person appearing before the magistrate, who ought not to take the acknowledgment of a stranger without having reasonable evidence of his identity. The word “ subscriber” may be applied with as much propriety to one of the subscribing witnesses as to the grantor. The certificate was therefore uncertain and void, and the deed properly rejected. The judgment must be reversed.
Judgment reversed, and a venire facias de novo awarded.