In Error. —
It appeared from the record in this case that the defendant, Gideon Hensley, executed his sealed note to Allen Ross, dated the 11th day of March, 1811, whereby he promised to pay the said Allen Ross $100 on or before the 25th day of December next following in hemp or cotton at the market price, c., the produce at Fitspatrick's gin, which note was on the 11th day of May 1811, assigned by indorsement thereon by the said Allen Ross, his name being thereto subscribed. On the 12th day of February, 1812, the plaintiff brought suit against the defendant by warrant before a justice of the peace in debt for $100, and on the 4th April, 1812, obtained judgment for $100, and $1.75 costs; from which judgment an appeal was taken to Maury County Court, where the cause was tried, and a verdict given for the defendant; upon which an appeal was taken to Maury Circuit Court, and the cause there tried at October term, 1815, and verdict and judgment in favor of the defendant. A bill of exceptions was tendered to the opinion of the Court on the trial of this cause, and, being signed by the judge, formed part of the record: whereby it appeared that the note above mentioned being offered to prove the plaintiff's debt, was objected to by the defendants counsel, on the ground that the warrant being brought thereon some time after it became due, it exhibited evidence without or beyond *Page 259 
the jurisdiction of a justice, and therefore inadmissible in support of an action originally brought before a justice of the peace; which objection the circuit judge sustained, and refused to permit the said note to go as evidence to the jury.
The question made by the bill of exceptions is, Was the note competent testimony to go to the jury upon the trial of the cause, it being originally commenced before a justice by warrant? The Act of Assembly, 1809, c. 54, section 1, says: "It shall and may be lawful for a justice of the peace in this State to have jurisdiction of all debts and demands from $50 to $100 inclusive, where the balance is due on any specialty, note, or agreement, signed by the party, or on a settled account signed by the parties, in addition, c., and may give judgment, c. The plain, object of the Legislature by this law, was an increase of the jurisdiction of a justice of the peace in certain cases; these cases are particularized and specified in the act. They are limited to the balance due on any specialty, note, or agreement signed by the party, or settled account signed by both parties. A balance of $100 or less, being part of a greater debt which previously subsisted, is within the words of the act. This balance of $100 the plaintiff claims in the present suit, and demands no more; his warrant says so. To prove this demand or balance, be offers a note showing an original debt of nearly $101 including interest, and it is contended that this proves too much: to this the plaintiff answers. True, my original debt was $101; but my balance which I claim is $100: I demand no more. The question, then, is reduced to this. How is a balance of a former greater debt to be proved, or, how may it be proved that the whole of the original debt is not due, but only a part of it? This is to be done by evidence certainly and this evidence may be either written or parol. 2 Term Rep. 235; if may be by indifferent witnesses, or in some cases as in, the present case, by the party himself. *Page 260 
The law is, that the admissions of a party to the suit against big interest, is evidence in favor of the other side, whether made by the real party on the record, or by a nominal party who sues as trustee for the benefit of another, or, whether by the party who is really interested in the suit, though not named on the record. Phillips's Evidence, 72. Thus, in an action of debt on a bond conditioned to pay money to L. D., for whose benefit the action was brought, it was proved that L. D. had said in a conversation about this bond that the defendant owed nothing, upon which the jury found for the defendant; and on motion for a new trial, which was refused, the Court said it was to be considered as if L. D. was the plaintiff, the action being for her benefit. 1 Wils. 257. This case proves that a parol admission, that nothing is due on a bond, is good, and binding on the party. Afortiori, it must prove also that an admission that part is not due is also good; and that it would have been competent in the present cause to have shown any admission of the plaintiff, reducing his original debt below the sum first due, and constituting it a balance instead of the whole. Upon the argument in this case, it seemed to be contended that, though the excess of the plaintiff's debt upon the note beyond $100 might be abandoned, yet that this should have appeared either upon the note itself, or in some other way substantially before the note was offered in evidence. The cases above referred to disprove the former part of this proposition, to which in addition may be cited, and also for the purpose of disproving the latter part of it. Phillips's Evid. 79; 1 Dall. 65; 4 Johns. 460. These authorities show that admissions by the party to a suit are evidence, whether made before or after the commencement of the action, whether before arrest or after, whether in writing or by parol. Indeed, the proper time to ascertain the quantum of the plaintiff's claim is certainly upon the trial; the *Page 261 
trial is the means by which this is effected, and the result of the trial is the ascertained quantum, the foundation of the judgment to be rendered. To say that this result should appear conclusively, while the trial is as yet inchoate, is inverting the order of things. The note therefore ought to have been received in evidence which showed the original debt, and after this the admission of the party or other proof, reducing it to a balance of $100 due, would have properly come forward; and no doubt this was done before the justice of the peace on the trial, 4th April, 1812, when judgment was rendered by him for $100. But it has been further said upon the argument in this cause, that if on a note with a sum of $100 principal, with accrued interest thereon; or, which is a plainer example, if on a note for upwards of $100 principal before a justice of the peace, judgment is given to the amount of the justice's jurisdiction, to-wit, $100, and no further notice is taken of the remainder, that the party may recover the excess in another suit. This position is certainly not tenable. See Peake's Evidence, 35, 365, and 2 Johns, 210.