### AUBERT vs. BUHLER & AL.

APPEAL from the court of the third district.

PORTER, J. delivered the opinion of the court. This case originated in an application for an injunction, and the grounds on which it is prayed for, are stated in the petition to be: That on an execution issued in favor of the heirs of

A 12 month's bond is not void if taken for more than the property sold for.

Sheriff may amend his return after a contest, in which its validity is attacked.

East'n District.
*April* 1825.

AUBERT
*vs.*
BUHLER & AL.

A sheriff may return a writ of execution after the return day.

Purchasers at sheriffs' sales cannot be affected by irregularities which occur after the sale.

If a levy be made before the return day, a sale may be made after.

*Davenport* vs. *Charles Cousinard & others*, one of the defendants in that suit became the purchaser of a slave named Phillis, for the sum of of $599 87, for which he gave his bond to the sheriff, at twelve months, for $600, and the present plaintiff became surety thereto. That the writ under which this property was sold, was returnable on the 19th day of April, 1823, and the sale took place on the 21st of that month. That the writ was not returned into the office of the clerk of the court out of which it issued until the 19th of April, 1824, nor the bond until the 20th of August of the same year. That the principal in the obligation has property enough to satisfy the same; and that the plaintiff is ready to furnish money to have the *discussion* of said property carried into effect. By reason of all which premises it is prayed that the bond may be declared null and void; that the defendants may pay damages for illegally proceeding to seize the plaintiff's property, and that an injunction may issue restraining them from all further proceedings, until the final judgment of the court in the cause.

The defendants pleaded the general issue. The court on hearing, dissolved the injunction, and the plaintiff appealed.

The following grounds have been relied on in this court, to obtain a reversal of the decision of that of the first instance.

East'n. District.
*April* 1825.

AUBERT
*vs.*
BUHLER & AL.

1. The twelve months bond is taken for a greater amount than the debt, interest and costs, and therefore illegal.

2. That as the sheriff did not pass the sale, and take the bond until *after* the return day of the *fieri facias* had been out, and the writ expired, the bond was null and void.

3. That the bond has not the force of a judgment (even supposing it in other respects valid) it not having been returned with the execution, as the law requires.

4. Property specially mortgaged, should be first discussed.

And lastly, that the court below erred in permitting the sheriff to amend the defect in his return.

I. In support of the first position it has been contended, that a bond of this description can only be valid, by virtue of the statute which creates it, and that the act does not authorise the sheriff to take a bond for more than the debt and interest. *Acts of* 1817, *sec.* 14 & 15, *p.* 36.

The objection is neither supported by law,

nor by the facts as proved in evidence. Were the allegations in the petition true, the obligation would still have been good for the sum, for which the property was really sold. A mere clerical error of the kind would not avoid it. 9 *Cranch*, 28. 5 *Martin*, 193. It appears however there was in truth no error in the bond, the mistake arose from the sheriff's returning he had sold the property for twelve and a half cents less than the sum for which it was adjudged. It was objected in the court below, and the objection has been renewed here, that the district court erred in permitting the sheriff to amend his return, after a contest had arisen in which the regularity of his proceedings was collaterally involved. We think, however, the court below acted legally, in permitting the error to be corrected. If the amendment was in conformity to the truth of the case, it would have been a great hardship on the plaintiff in execution, to have made him suffer from the mistake of the officer. If false the sheriff is liable to an action, for these alterations are made at his peril. The following cases will shew how liberal the courts of our sister states are, in allowing amendments of this kind; in some of the instances we refer to, the indulgence

East'n. District.
*April* 1825.

AUBERT
*vs.*
BUHLER & AL.

was extended further than that which was accorded here. 1 *Johnson's Cases*, 31. 5 *Johnson* 89. 9 *ibid* 384. 3 *Caines* 98. 1 *Cowen's Rep.* 413. 11 *Massachusetts*, 413, 477. 1 *Taunton*, 322.

II. The second ground on which the appellant relies, has been sustained on the 15th section of the act of 1817, as it is commonly called; by which it is provided, the sheriff shall make return, on or before the return day. The letter of the law it is said must be pursued, and the bond is null and void, because the directions of the statute have not been strictly pursued. *Acts of* 1817, 36. *sec.* 15. *Civ. Code*, 4, 13.

The provisions of the act referred to, in relation to the period within which sheriffs should return writs of execution were made for the benefit of the plaintiff, and to remedy an evil sensibly felt previous to the passage of the law, of these officers holding back writs, and failing to pay over the money made on them. The construction contended for, would increase, rather than diminish the evil intended to be remedied. It would create a greater delay than that which arose out of the earlier provisions on this subject; deprive the plaintiff entirely of the benefit of his execution; and

force him to take out a new one. Nor would the evil cease here; it would be still more disastrous to the defendant, for if the writ were null and void by not being returned on the day fixed by law, it would then follow the money might be made a second time on the alias writ of execution. A principle, the adoption of which, would bring with it such strange consequences, cannot receive the sanction of this court. And even admitting the doctrine to be as contended for, between plaintiff and defendant, we are clear, that as the purchaser cannot be affected by any irregularities of the officer in relation to the writ, which may occur subsequent to the sale of the property; he has no right to set these irregularities up as a defence against paying the purchase money. All that concerns him is, that the proceedings previous to the sale have been legal, and that he obtain a conveyance in due form of law. Whether, say the supreme court of the United States, in a case very similar to this, the marshall makes a correct return, or any return at all to the writ, is immaterial to the purchaser. 4 *Wheaton,* 506.

The same reasoning applies to the objection raised, on the ground that the bond was

East'n. District,
*April* 1825.

AUBERT
*vs.*
BUHLER & AL.

not returned into the office at the time directed by the act of the general assembly, it is a question with which the plaintiff in this suit has nothing to do.

The only part of the objection contained in the second ground presented by the plaintiff, which requires an attentive consideration, is that which objects to a want of title, from the return day of the writ having expired, at the time the sale was made by the sheriff. The facts, on which this objection rests, do not appear very clearly from the record, for neither in the return of the sheriff, nor in the deed of conveyance, is it stated on what day the adjudication took place. We are left to presume it from the date of the bond, which the law requires to be taken at twelve months, with interest *from the day of sale.* This we have concluded, though not without some hesitation, is sufficient to authorise us to examine the correctness of the objection relied on.

The ancient laws of the country can afford us little aid in settling this question; the form of the writ under the Spanish practice, and mode of executing it, being so entirely different from that introduced by the act establishing our courts, and regulating their proceedings

East'n District
*April* 1825.

AUBERT
*vs.*
BUHLER & AL.

It is a well established principle in that country from whose jurisprudence we have taken the name, and with some slight alterations the form of our writ of *fieri facias*, that if a levy be made under a writ of execution before the return day, the sheriff may proceed to sell afterwards. It has been objected, that as our laws contain no provision for issuing a writ similar to that of *venditioni exponas*, such an extension cannot be given to the writ of *fieri facias* here.

But the authority to sell under that writ after the return day, as practised in our sister states, is founded on considerations totally distinct from the existence of other process. That of *venditioni exponas* generally goes when the *fieri facias* has been returned; and the case in which it is most frequently used is, where the officer returns that the goods seized by him remain unsold for want of buyers. If, however, he can make a sale under the first writ, though the return day should have expired; the authorities are most express he may do so. Public convenience is much in favor of a similar rule being adopted here, and we see nothing in the statute that forbids it. The provision which directs the writs to be returned on or before the return day, was made, as has been

already shewn, for the benefit of the plaintiff, and if he choose to wave it, and permit the sheriff to proceed and finish with what he has commenced, the other parties cannot object. If a contrary doctrine were recognized, it would in its operation delay the plaintiff, and expose the defendant to additional costs. The case of *Crocket* vs. *Watkins,* was quite different from the present, there the sheriff advertised the property at periods other than those fixed by law. 4 *Martin,* 540. 2 *Dunlap's Practice,* 800. 2 *Tidd's Practice,* 934. 2 *Caines,* 243. 4 *Wheaton,* 506.

III. IV. The third point has been disposed of by the opinion expressed on the second, the fourth, which requires discussion of the principal's property is opposed to to a positive provision of our code. Judicial sureties have no right to claim it. 434 *art.* 29.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be affirmed with costs.

*Christy* for the plaintiff, *Preston* for the defendants.