Store, J.
delivered the opinión of the Court as follows:
This is an action of debt brought upon a bond given under the f rst. section of the embargo act of the 9th of Jan. 1803. h. 8. After oyer of the bond and condition, various pleas were pleaded by the Defendants ; but it is unnecessary to consider any others than those upon which questions have been argued at the bar.
The second separate plea of the Defendant, Robert Gfyer, and the first joint plea of all the Defendants alleges, in substance, that the bond was, taken by the collector of the customs at' Georgetown,.by color of his office, and by pretence of the act of congress aforesaid, *35 and that the bond and condition were not taken pursuant to the act of congress, but contrary thereto, in this, to wit: that the bond was not sealed or delivered until after the vessel in tiie same condition mentioned had received a clearance in due form, and át'ter she had actually departed from the port of Georgetown, under the clearance, by reason whereof the bond is void.
To this plea there was a general demurrer and joinder in demurrer; on which the Court below gave judgment for the United States,
It is argued by the plaintiffs in errors that the act of congress of the 9th of January, 1808, sec. 1, having declared that no vessel licensed for the coasting trade shall be allowed to depart fr,om any port of the United States, or shall receive a clearance until the owner, Sec, shall give bond to the United States in a sum double the value of the vessel and cargo. Sec. the time of giving the bond is of the essence of the provision; and that if the bond be not taken until after the clearance or departure of the vessel, it is illegal and yoid.
We cannot yield ássent tov this argument. In our opinion, the statute, as to the time of taking the bond and granting a clearance, is merely directory to the collector. .It is undoubtedly his duty to comply with the literal requirements of the statute, If he jv giect so to do, it is an irregularity which may subject, him to personal peril and responsibility. If the state of facts has existed to which the statute provision is applicable, the authority to require and the duty to give the bond attaches ; and. by the voluntary consent of the parties, it may well be given nunc pro tunc. Upon any- other construction, the owner of the vessel might he involved in great difficidiies. . If the collector be not authorized to receive the bond after a clearance, neither is he authorized to grant a cleara ce before be has received'the bond. A clearance, therefore, granted before such bond should be given, would be illegal and void; and a departure from port under such void clearance, would subject the owner, vessel and cargo to the forfeiture inflicted by the third section of the act. There is no error in the judgment pf the Court beiow in this plem
*36 The second joint plea of the Defendants,'alleges that the bond was'not taken pursuant to the act of congress, but contrary thereto, in this, that the bond was taken in a suni more than double the value of the vessel and whereby the'bond became, void. .On demurrer to this plea" and joinder in. demurrer, the Court below gave judgment for the United States 5 and wc are of opinion that the judgment so given ought-to be affirmed. There is no allegation or pretence that the bont[ was unduly obtained by the collector, colore officii, by fraud: oppression or circumvention. It must, therefore, be taken to. have been a voluntary bona Jidc bond. The value was a matter of uncertainty, and the ascertaining of that'value was the joint act and duty of both parties. When once that value was ascertained and agreed to by the parties, and a bond executed in conformity to such agreement, the parties were estopped to deny that it was not the true value. If an issue had been taken upon the fact, the evidence on /the face of the bond would have been conclusive to, the jury ; and if so, it is 'not less conclusive upon demurrer. It would be dangeroiis in the extreme to. admit the parties to avoid a sealed instrument by averring that there was an error in the value by an innocent mistake, or .by accident, or by circumstances against Which no human foresight chuld guard. A mistake of one dollar Would be as fatal as often thousand dollars. Suppose the double value were underrated,. could the United States avoid. the bond, and thereby.subject the party to the penalties of the third'soction ? - Where the lav? provides that the penal sum'of a bond shall'be equal, to. the double value, anti; the parties voluntarily and without. fratid assent to the1 insertion of a given sum, -it is’ as much, an estoppel as if the’-bond had specially recited that such sum was the double value.
The third joint plea in substance alleges that after the execution of the bond, and after the clearance and departure>of the vessel and cargo, the bond was, fay the' authority, consent and direction of the collector, materially altered and changed, iff’ this, that the name of Ebéhezé^'Eíiason was cancelled and erased frorertfae bond, arid the name, signature and leal of the Defendant. Robert Ober, substitqted and inserted therein, without the licéíiss, consent, or authority of the Defen *37 dant, Robert Beverly, whereby the bond became of no force. To this plea the United States replied that the bond was so altered and changed with the assent and by the concurrent license, direction and authority of all the Defendants, and of the said Eben.czer Eliason, not without the license, consent and authority of the Defendants, and prayed that the sanie might be enquired of by the country. To this replication there was a general demurrer and joinder in demurrer, on which the Court below gave judgment for the United States : and we arc of opinion that the judgment was'right. It is clear, at the common law, that an alteration or addition, in a deed, as by adding a new obligor, or an erasure in a deed, as by striking out an bid obligor, if done with the consent and concurrence of all the parties to' tl)e.' deed, does not avoid it. And this principle equally applies whether the alteration or erasure be made in pursuance of an agreement and consent prior or subsequent to the execution of the deed; and the cases in the hooks' in which erasures, interlineations .and alterations in deeds have been held to avoid them, w ill be found, ■ on examination, to have been cases in which no such con-' sent had been given.
It has been objected that this principle of letting in parol evidence to prove alterations in a deed to be made by consent, exposes to all the' mischiefs against which the statute of frauds .was intended to guard the public. If this objection were valid, it would equally apply to such'alterations when made before ,the execution of the deed j for if not takeii notice qf by a memorandum o,n the deed itself, they must be proved. in the same manner. - But it is to be considered that the parol evidence is not admitted to explain or contradict the terms of the written contract, b.ut only to-ascertain what those writ-, ten terms are. On non est factum, the present validity of the deed or contract is in issue; and every circumstance that goes to shew7 that it is not the deed or con: tract of the party, is proveabic by parol evidence. It is of necessity, therefore, that the other party should support it by the same evidence. The fact, that there is an erasure or .interlineation apparent on the face of the deed, does hot, of itself, avoid, it. To produce this effect, it must be shewn to have been made under circumstances that the law does not warrant. Parol evidence *38 is let in for this purpose; and the mischief, if any, wouklequally pi'ess on both sides. The principie, however, which has been already stated, is tpo firmly fixed to be shaken by any reasoning ub inconvmienti.
The decision upon the third joint plea renders it unnecessary to examine" the bill of exceptions taken at the trial on the issue of non est factum. That bill presents, the same point as the third joint plea, With this difference only, that the alteration in the deed by the addition of a new obligor, was, in fact, made in pursuance of an agreement entered into between the parties prior-to the original execution of the deed.
On the whole, the majority of the Court are of opinion that the judgment of the Court below must be affirmed..