## SUPREME JUDICIAL COURT,

FOR THE COUNTY OF

# YORK.

### AUGUST TERM,

### 1820.

STEELE *v.* ADAMS.

If one, in consideration of a sum of money, bargain and sell land, and in the deed of conveyance acknowledge the receipt of the purchase-money, when in truth no money was paid, yet the bargainor is estopped by the deed to say the contrary.

THIS was an action of *assumpsit* brought to recover the price of seven acres of land. At the trial of this action, upon the general issue, before *Putnam J.* at *May* term, 1819, the plaintiff proved that on the first day of *July* 1816, he conveyed seven acres of land to the defendant, by a deed purporting to be in consideration of two hundred and forty-five dollars, paid by the defendant, the receipt of which was therein acknowledged by the plaintiff. The counsel for the plaintiff, stated, and offered to prove, that the deed was delivered without the actual payment of any consideration, upon the verbal promise of the defendant to pay or settle for it afterwards; and that the defendant had been in possession of the land since the delivery of the deed. But the Judge directed a nonsuit, which was to be set aside if, in the opinion of the whole Court the action was maintainable upon the facts stated.

This question was argued at this term by *J. Holmes* and *Woodman* for the plaintiff, and *Adams* for the defendant; and the action being continued *nisi* for advisement, the opinion of the Court was delivered at the succeeding term in *Cumberland*, as follows.

Steele *v.* Adams.

MELLEN C. J. Several objections have been made against the plaintiff's right to recover in this action, and if either of them be found substantial, the nonsuit must be confirmed.

In the *first* place it is contended by the defendant's counsel, that the testimony offered by the plaintiff and rejected by the Judge is inadmissible according to the principles laid down in the case of *Stackpole v. Arnold,* 11 *Mass.* 27; as going either to contradict or to explain a written contract, under seal.

We are not satisfied that this falls within the reasoning and principles of that case, or of any others which have been adduced in support of this objection. The acknowledgement of payment seems to be no part of the contract of sale, within the principles of those decisions,—but is, in effect, merely a receipt for money paid, which is only evidence of the extinguishment, or partial fulfilment of a contract; and, if not under seal, is open to explanation or contradiction. Whether the circumstance of this acknowledgement being contained in the deed, and under the seal of the plaintiff, has closed the door of inquiry, will presently be examined.

In the *second* place it has been contended that the alleged promise of the defendant is void by the Statute of frauds, or rather by that clause of the *Stat.* 1783, *chap.* 37. which declares that " no action shall be maintained upon any contract " or sale of lands, tenements, or hereditaments, or any interest " in, or concerning the same, unless the agreement upon which " such action shall be brought, or some memorandum or note " thereof shall be in writing, and signed by the party to be " charged therewith, or some other person thereunto by him " lawfully authorized." But the cases which have been cited to support this objection are not similar to this case.

The case from 4 *Mass.* 342. was on a promise to execute a bond of defeasance ;—that is, to convert an absolute estate into an estate upon condition ; or, in other words, to convey to the plaintiff an equity of redemption. This certainly is an interest in real estate ; and such a promise is clearly within the Statute. Without a particular examination of the others, it is sufficient to say that neither of them was founded on an express promise to pay the price of a parcel of real estate sold and conveyed to the defendant.

Steele *v.* Adams.

A promise of this kind does not seem to be a " contract or sale of real estate"; or rather, as was probably intended, a " contract *for the* sale of real estate";—but is only a contract to pay the agreed value of the real estate already sold and conveyed. Clearly no action can be maintained on a *verbal* promise to convey real estate;—but it does not seem to follow if a man has contracted by parol to make and deliver a deed of certain real estate to his neighbour for a certain sum, and does honestly execute the agreement on his part, and the purchaser enters into possession of the land under the deed,— that after this, the purchaser should be permitted to avoid the payment of the purchase money, on the ground that his promise to pay it was void by the statute. In many cases it has been held that a contract, though within the statute of frauds, becomes binding by a partial execution of it. And several cases have been decided in *New-York*, in which the grantor has been permitted to recover of the grantee the agreed price of the land sold, in an action of *assumpsit.* But we shall not pursue this inquiry any farther at present; because we do not decide the cause upon this ground; nor do we mean to be understood as giving any opinion whether any action could be maintained on such promise.

The *last* objection relied on by the counsel for the defendant is, that the plaintiff is *estopped* by his own deed to deny that he has received the consideration or purchase-money, which receipt is distinctly and explicitly confessed in the deed.

Estoppels are said to be odious, because they exclude the truth, or prevent the party who is estopped from shewing the fact. And if, in the present instance, the plaintiff is estopped, it is the consequence of his own act, and not the fault of the law;—it is owing to an inattention to those legal principles and provisions which all are presumed to know, and by which all must be governed. To apply the law of estoppels to the present case may operate to the injury of the plaintiff; and the consequence may be, that a fraud may be successfully practised by the defendant. We may regret this particular consequence;—but should we refuse to apply legal principles in every case as our duty requires us to apply them, the general consequences would be much more to be lamented.

The law upon this subject seems to be well settled. In *Co. Lit.* 352. *a.* it is said that "estoppels arise by matter in writ-"ing, as by deed indented ——— by making of an acquit-"tance by deed indented, or deed poll." It is elsewhere said, *Veale v. Warner,* 1 *Saund.* 325. *note* (4.) that the "plaintiff, after "acknowledging in writing that the defendant had paid him "the money, ought not to be admitted to deny the payment "of it." So, in covenant upon an indenture of lease, *nil habuit in tenementis* is a bad plea ;—the defendant is estopped to plead it. *Kemp v. Goodall,* 1 *Salk.* 277. 6 *D. & E.* 62. A party in a deed is estopped by the recital of any particular fact, as that he had received a sum of money, &c. *Shelley v. Wright, Willes Rep.* 9. *Strowd v. Willis, Cro. El.* 362. 756—7. 2 *Leon.* 11. 1 *Chitty on Pleading,* 575. *Speake v. United States,* 9 *Cranch* 28. And in *Massachusetts* it has been decided that a party shall not be permitted to say that in making covenants he acted as agent, when he covenanted in his own right. *Eveleth v. Crouch,* 15 *Mass.* 307.

In the case of *Davenport v. Mason,* 15 *Mass.* 85. *Wilde J.* in delivering the opinion of the Court, says, when speaking of the admissibility of parol evidence, "It is impossible to say "that this evidence is repugnant to the deed : for nothing can "be collected *from the deed,* touching the consideration, or the "payment of the purchase-money. It is true that the pre-"sumption is that payment was made; ——— but this pre-"sumption, being a species of evidence in relation to matter "of fact, and not arising from the construction of any clause "in the deed, may be repelled by oral testimony." And again, "When the usual clause in relation to the consideration is alto-"gether *omitted,* we think that the agreements of the parties may "be shewn by oral proof, without violating any known rule "of law, which we should be very sorry to break in upon, "whatever may be the supposed equity of the case."

In *Dyer* 169, cited with approbation in 2 *Shep. Abr.* 9. this case appears :———"If one in consideration of 1000*l.* bargain "and sell land, and *rei veritate* no such sum is paid, and "yet it is said by the deed to be so, and a receipt of the "money ; it seems that the bargainor is estopped by this to "say the contrary." This precisely resembles the case at bar.

In *Jackson v. Bowen,* 1 *Caines* 358. parol proof was offered

to shew a mistake in the course of one of the lines of a piece of land conveyed; but it was rejected. The deed was an estoppel. And in *Shep. Touchst.* 222. 510. it is stated as settled, that parol evidence is admissible to shew the consideration of a conveyance, when the same is not particularly *expressed in the deed.*

Many other cases might be cited in which the same principle is established or recognized. Indeed all the authorities seem, on this point, to be in perfect harmony, at least so far as we have been able to examine them; with the exception of *Sheppard v. Little,* 14 *Johns.* 210. In that case the Court decided, that the plaintiff was not estopped by the acknowledgement in his own deed of his having received the consideration; and in an action of *assumpsit* for the money, oral testimony was admitted to contradict this confession under the plaintiff's own hand and seal, and on this proof he recovered. Much, however, as we are inclined to support the present action, and much as we respect the learned Court which decided the case of *Sheppard v. Little,* yet we cannot assent to the principle of that decision. It seems opposed to a long series of determinations by successive Judges, and to the principles which regulate estoppels. We do not perceive why a man is not as much estopped to deny one fact expressly stated in his deed, as another. If he is not, the doctrine itself is of no importance. *Spencer J.* in delivering the opinion of the Court, seems to speak of the principle urged against the action as a well known principle, but considers it as misapplied to that cause. But we cannot perceive why it was not applicable, and why it should not have barred the action. The case is certainly at variance with the principles stated in *Davenport v. Mason;* and we incline to that course of decisions which the Courts of *Massachusetts* have invariably pursued relating to the question now under consideration.

On the whole we are of opinion that the plaintiff, by his own deed, has given to the defendant *proof* that the consideration, or purchase-money has been paid. This proof is of such a nature, that it is not competent for him, according to the principles of law, which we are bound to respect, to contradict or impeach it; and therefore the motion to set aside the nonsuit is overruled.