## VILLERE vs. ARMSTRONG & AL.

4ns 21
52 1819

APPEAL from the court of the second district.

PORTET, J. delivered the opinion of the court. Judgment was rendered, on motion of the attorney of the second district, against the two last named defendants, on a bond executed by Armstrong, as sheriff of Assumption, with Watkins and Candolle, his sureties. They have appealed, and in addition to the questions pre-

The testimony of the subscribing witness cannot be insisted on if he be out of the state. The parish judge, who received the sheriff's bond is a good witness to prove its contents, in case of loss. The party who excepts, is bound that the

East'n. District.
*June* 1825.

VILLERE
*vs.*
ARMSTRONG
& AL.

bill contains sufficient matter to enable the supreme court to test the opinion of the judge *a quo.*

sented by the bills of exceptions, have made the following points:

1. The bond is void under the statute set forth in defendants' answer.

2. The sheriff was never qualified according to law to collect taxes, and the sureties are not bound.

The first bill of exceptions is taken to an opinion of the judge, admitting a witness to give evidence in relation to the loss of the original bond. The ground, stated in the bill for this objection, is, that in the written notice furnished by the attorney for the state, of his intention to move for judgment against the defendants, no mention is made of the bond being lost. To this a most satisfactory answer was given by the testimony, namely, that the loss had taken place after the notice was filed, 9 *Wheaton*, 581.

The second contains the same objection, as the first, with the additional reason, that the witness could not testify to the contents of the bond; that the subscribing witness to it should be produced. Other testimony shows the subscribing witness to have left the state; the secondary evidence was, therefore, correctly received.

The third exception was made to the court permitting the parish judge to give evidence of the loss of the hond, because it was his duty not to suffer the sheriff to act without giving bond and security, and, he was liable to a penalty if he neglected this duty. We see no ground for this objection. The parish judge was certainly a good witness to prove the loss, because the terms of the exception admit there is higher evidence behind; namely, the bond itself.— Now, if this be true, and the objection has no force, if it is not, then the parish judge was totally free from the imputation of not having taken the bond. And consequently, stood disinterested as to the fact of its loss.

But it appears the judge was also examined, to prove the execution of the instrument, by the sheriff and his sureties, and we are not so clear, that he was a legal witness for that purpose, but we deem it unnecessary to decide the question, as we are of opinion there is sufficient proof on the record, (exhibited by the answer of the defendants, and the testimony of witnesses to whom no legal objection can be made;) the bond was executed as the plaintiff alleges.

The fourth does not contain evidence to give

East'n District.
June 1825,

VILLERE
vs.
ARMSTRONG
& AL.

East'n. District.
June 1825.

VILLERE
vs.
ARMSTRONG
& AL.

us a sufficient understanding of it. If the writen evidence, to contradict Hubbard, was matter of record, over which the court had no control, it should have been received, and the reason given by the judge was a bad one, namely, that the apparent contradiction in the witness' evidence, in the present case, and that which he swore in the suit of *Martin* vs. *Candolle.* arose from a mistake made by the court in taking down his testimony in the latter case. If, on the contrary, that testimony was in a trial had in the same term, over which the judge had control by correcting any error, which might have crept into a statement drawn up by himself, then it was properly refused. It was the duty of the party excepting to have brought up sufficient evidence to explain this, and for want of it, we cannot say the court below erred.

The fifth bill of exceptions is taken to a refusal of the court to direct a *subpœna duces tecum* to the parish judge to bring into court a bond, which that judge had previously testified was lost. There was no error in this opinion, and the exception to it appears to us most unadvisedly taken.

We have already said the facts on which

the state relies for judgment are satisfactorily proved, and the law arising on them requires us to give judgment against the defendants.— They have reproduced again, and argued elaborately, an objection frequently made in this court: that bonds required by statute are not binding on the obligors, unless the form and rules prescribed by the act under which they are taken have been pursued. Our opinion heretofore on such questions has uniformly been adverse to such a defence; and we have heard nothing in the present case to induce us to change that opinion. Indeed no reasoning on general principles could authorise us to do so, as by a statutory law of Spain, unrepealed as yet by our legislature, and of course still in force, it is expressly declared, " that in whatever manner a person shall appear to have deemed it proper to bind himself to another, he shall remain bound." *Novissima Recop.* 10, 1, 0. 3 *Martin,* 569, 5 *ibid* 194, *Vol.* 2 672. 5 *Mass.* 814. 9 *Cranch,* 28.

But it is agreed Armstrong, the sheriff, did not pay up the taxes he had collected the preceding year, and therefore he should not have been permitted to renew his bond the second. This objection could not be received from him

East'n. District.
*June* 1825.

VILLERE
*vs.*
ARMSTRONG
& AL.

East'n. District.
*June* 1825.

VILLERE
*vs.*
ARMSTRONG
& AL.

and is consequently not good for his sureties, as they can have no defence, to the validity of the contract, which he had not.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be affirmed with costs.

*Dumoulin* for the plaintiff, *Ripley* for the defendants.