Opinion of the court by
Mr. Justice Turnee : ,
1 do not consider any of the grounds for reversal sustainable by the plaintiff in error. In the first place, he was only one of *410 many defendants, and they should all have joined in the first writ of error, and the supercedeas ought not to have issued against all, unless all had. given bond to- the plaintiff below. The court did not err, therefore, in quashing the ■ supercedeas, on that or any other ground. . ■
As to the grounds assumed for quashing the forthcoming bond : In the first place, the plaintiff in error complains that the penalty of the bond is not large enough. This objection might have come with some plausibility from the other party; but it is surely hot prejudicial to the obligors., A plaintiff in error should show errors done to his prejudice. Besides, by the statute of 1822, How. & Hut. 618, sec. 25, it- is provided, that if any bond-taken by virtue of any execution, by miscalculation or mistake, shall be conditioned for q larger sum than is due, the plaintiff may release, and such release shall cure any error growing out of such excess; and this may be- done either in the court below, or in the appellate court.. This shows that these statutory bonds may be corrected by release, so as to answer the ends of justice. One reason for this is, because they are not taken by the parties, but by the officers of the law. The defendant who gives these delay bonds has all the benefit of the 'time afforded thereby, and the plaintiff who is seeking his rights by due course of law has- all the disadvantages of delay, and-change of parties to his contract without his consent, and it is the duty of' the courts of justice to afford every indulgence and facility to the plaintiff which the law allows, to enable him to obtain satisfaction of his judgment.
As to the second'and third objection to the return on thé forthcoming bond, there is nothing in them; no such returns as the plaintiff alludes to are required by lawand if they were, the court would permit the sheriff to amend'his return. .It is sufficient for the sheriff to return the bond forfeited, and this he may do as well on the execution under which the bond is taken as on the bond itself. ■’ .
As to the fourth objection, that there was not ten days, as stated in-the condition óf the bond, between the levy and sale, surely that should not prejudice the plaintiff in execution. He has been delayed in the recovery of his demand by this interférence, and had no control over the matter. The sheriff may'or may not have *411 acted oppressively to the defendant in execution; and if he did, he is accountable therefor to him. But he does not complain. The surety is no party to that grievance, if it be one. There does not appear to have -bden any proof before the court, that the property was not advertised ten or more days. ■ The recital in the condition of the bond is not conclusive of this- fact. . But no sale took place, and no injury has been done the defendants in that- execution, and they have not complained of any. They have had the benefit of their property, from that day to this, for aught that appears to the court.
The, bond is constitutional, as has been settled by repeated decisions in this and other courts. 3 Haywood, 11; 5 Yerger, 289; 9 Cranch, 28; 3 Cond. Rep. 249; 2 Little, 396.
Judgment affirmed.