*S. C. Willson,* for the state.

*D. Mace,* for the defendant.

Nov. Term, 1843.

THE STATE v. POLKE.

---

THE STATE, on the Relation of the BOARD OF COUNTY COMMISSIONERS, &c. *v.* POLKE and Another.

Debt by the state, on the relation of the board of county commissioners, &c., on the official bond of a county agent, against *Polke* and *Vanpelt.* Plea, that the bond was executed by the agent, with *Polke, Evans,* and *Burnside,* sureties, and was delivered to the board of county commissioners; that, afterwards, the commissioners, while the bond was under their control, caused the name of *Evans* to be erased from the same, and that of *Vanpelt* added thereto, without the knowledge or consent of *Polke* or *Burnside.* *Held,* that the plea was good.

ERROR to the *La Porte* Circuit Court. The defendants below were *Polke* and *Vanpelt.*

SULLIVAN, J.—Debt on the official bond of the county agent for the county of *La Porte.* The defendants pleaded *non est factum,* and two special pleas. The special pleas are substantially the same, and aver that the bond sued on was given by one *David Dinwiddie,* conditioned for the faithful performance of the duties of the office of agent for the county of *La Porte,* and was signed by the defendant *Polke* and one *David Evans* and one *Andrew Burnside* as his sureties, and was delivered to and accepted by the board of commissioners of the county of *La Porte,* and was by them duly filed, &c.; that afterwards, and while said bond remained so on file, and in the possession and under the control of said county commissioners, they, the said commissioners, at and during a session of said board, on, &c., caused the name of the said *David Evans,* one of the original signers to said bond, to be erased therefrom without the knowledge, consent, or ratifica-

*Thursday, January 4,* 1844.

Nov. Term, 1843.

THE STATE
v.
POLKE.

tion of said *Polke*, and the name of one *Vanpelt* to be added thereto, without the knowledge of said *Polke* and *Burnside*, and without their consent, or the consent of either of them, &c. There were general demurrers to the pleas, and the demurrers were overruled. Judgment for the defendants.

We are not called upon to decide at this time whether *Vanpelt*, in a suit properly brought, can be held responsible by virtue of his signing and sealing the bond. If we admit that the signature of *Vanpelt*, with the concurrence of the principal obligor, and of the board of commissioners, binds him according to the terms of the bond, it still leaves untouched the question whether the erasure of the name of *Evans*, without the consent of *Polke*, was such a material alteration in the original bond as to make it void as to *Polke*.

It is a general rule that any alteration of a bond after its execution, in a material point, by the obligee will avoid the bond, and it is even said that an alteration by the obligee in an immaterial part will have the same effect. *Pigot's case*, 11 Co. 26.—*Whelpdale's case*, 5 Co. 118. But this rule is so modified, that it does not apply to cases where the alteration has been made with the consent of all the parties to the deed. 2 Lev. 35.—*Smith* v. *Crooker et al.* 5 Mass. Rep. 538. —*Speake et al.* v. *The U. States*, 9 Cranch, 28.—*Penny* v. *Corwithe*, 18 J. R. 499. In the case of *Adams et al.* v. *Bateson*, 6 Bing. 110, the point was made but not decided. The case of *Speake et al.* v. *The United States*, *supra*, was, in its leading features, very similar to the one under consideration, except that the erasure was with the consent of all the parties to the deed. The consent appearing on the record, the Court held that the alteration did not vitiate the bond, but the whole argument of the Court shows, that if consent had not been given it would have been void.

We concur in the opinion, that the erasure of the name of one of the obligors to a bond is a material alteration. It is no longer the same bond. Moreover, *Polke*, in the present case, may have had reasons for refusing to be bound in a bond with *Vanpelt*, while he was willing to be so bound with *Evans*.

As the pleas show that the alteration was made by the board of commissioners, for whose use the bond was given,

without the consent of all the obligors, we are of opinion that they are sufficient to bar the action, and that the demurrers were properly overruled.

*Per Curiam.*—The judgment is affirmed at the costs of the relator.

*J. H. Bradley*, for the plaintiff.

*J. B. Niles*, for the defendants.