POWERS *versus* NASH.

In a suit for money paid for defendant as his surety on a note, signed at the request of one of the members of his family, which note plaintiff was compelled to pay; the declarations of the defendant of his dissent to what plaintiff had done, uncommunicated to the plaintiff or to the payee of the note, are not admissible in evidence.

If the maker assents to the alteration of his note by the substitution of another surety, and the note is paid by such surety, he is liable to reimburse him for the money so paid.

And *such assent* may be presumed from his subsequent acts and conduct in relation to it, though he was not present when the substitution was made.

Whether the defendant would not be liable, after receiving the benefit of plaintiff's name and being relieved of his own obligations, even without his assent, *quere.*

It is from the equitable obligation between the principal and surety that the legal liability arises that the surety shall be saved harmless, and a promise is implied from the relations between them, where none in fact existed.

ON REPORT from *Nisi Prius,* HOWARD, J., presiding.

ASSUMPSIT for money paid and for money had and received.

The Court were authorized to draw the same inferences of fact, that a jury might, and to render such judgment as the legal rights of the parties might require.

A deposition made a part of the case. That part of it which related to the declarations of the defendant in the presence of his family was objected to.

The Court found the following facts:—

The defendant effected an insurance on his own life and on that of his wife, at the office of the Mutual Benefit Insurance Company, and gave them his premium note with the name of his son, who was a minor, as surety. The agent of the company, having ascertained the minority of the son, sent back the note to the defendant with a request that he would procure another surety. The defendant being at the time absent from the State, the letter was opened by the son, who cut out his own signature, and the plaintiff, at his instance or at that of some of the family, signed it as surety. The note not being paid, a suit was commenced by the payees, to whom it had been transmitted, and judgment obtained against the plaintiff and the defendant, and the amount collected of the plaintiff, who brought this suit to recover of the defendant the amount thus paid.

*Gerry,* for the defendant.

*S. C. Strout,* for plaintiff.

1. The judgment was conclusive upon these parties as to every matter that could have been pleaded, except a set-off. *Thatcher* v. *Gammon,* 12 Mass. 269; *Granger* v. *Clark,* 22 Maine, 129.

2. The default in that suit was an admission of the claim set forth in the writ and is a waiver of any matter of defence existing prior to that time. 12 Mass. 269; 13 Mass. 453.

3. The deposition of Henry is inadmissible, because its effect is, to establish a defence on the part of defendant, to the original action, from which he is now precluded. 2 Starkie's Ev. 76; 8 Mass. 536; 14 Mass. 496. And if admissible, the maker of the note is not thereby discharged.

The plaintiff's undertaking was only collateral. 29 Maine, 298.

4. The equity of the transaction between the parties will be taken into consideration. 2 Caines, 154. The plaintiff had a right to regard the request to him as the act of defendant.

5. If the note was guaranteed, without request of defendant, the acquiescence of Nash in the contract, which was the consideration of the note, and his failure, to defend the suit against himself and plaintiff amount to a ratification of the act of Powers and a waiver of any objection upon that account. *Brelin* v. *Dubarry,* 14 S. & R. 27; 12 Johns. 300; 12 N. H. 206; 5 Met. 192; Story on Agency, pp. 304, 305.

APPLETON, J. — The plaintiff, by signing the note, unquestionably made himself liable, if the insurance company and the defendant assented thereto. That the company assented to the substitution of the plaintiff's name for that of the defendant's minor son, is to be inferred from the fact that they received the note without objection and collected the amount due. The defendant gave no notice of dissatisfaction, either to the plaintiff or to the company, before the suit on the note was commenced. His statements to his family, of his dissent to what the plaintiff had done, uncommunicated either to him or to the insurance company, are not admissible in evidence. The defendant retained the insurance he had effected, and to which he was not entitled and for which there would have been no consideration, except the note first given and to which subsequently the name of the plaintiff had been affixed. When an action was brought against him and the plaintiff, he interposed no defence. From all the circumstances, the assent of the defendant to the erasure of his son's name and to the substitution of the plaintiff's may be presumed, and in such case they would be jointly liable on the note. *Speake* v. *United States,* 9 Cranch, 28.

Even without assent it would be a grave question whether

the plaintiff would not be entitled to recover, the defendant having received the benefit of his name as surety and the execution upon which he was liable having been paid by him. The rights of a surety, who enters into that relation without the request or knowledge of his principal, are protected and enforced by the civil law. " Where the engagement," says Pothier, in his Treatise on Contracts, part 2, c. 6, § 1, " is made without the knowledge of the debtor, it cannot be supposed to include any contract between the surety and the debtor, but there is supposed to intervene between them that kind of quasi contract which is called *negotiorum gestorum.*" The surety, in the appropriate form of action, can recover what he has thus paid. Burge on Suretyship, 357. The very case is provided for alike in the code of Justinian as in that of Napoleon. Code Nap. Tit. 14, § § 2014, 2028.

It was held in *Hughes* v. *Littlefield,* 18 Maine, 400, that it furnished no defence to a surety that he voluntarily became such without the assent or knowledge of his principal. A debtor sent a promissory note to his creditor in payment of his debt, by the hand of a third person, who, before delivering it, at the request of the creditor and for the purpose of giving credit to the note, put his name on the back of it, and such third person was held liable as an original promisor. *Bryant* v. *Eastman,* 7 Cush. 111. The right of a surety to contribution, at common law, was allowed under circumstances which repelled any promise to contribute in *Norton* v. *Coons,* 3 Den. 130. In this case BRONSON, C. J. remarked, that " where it was settled that the Courts of law would enforce contribution between sureties, what was before only an equitable became a legal obligation ; and where there is a legal right to demand a sum of money and there is no other remedy, the law will, for all purposes of a remedy, imply a promise of payment." Much more does this implied promise arise as against a principal. The rights of the surety to subrogation, who became such without the request or knowledge of his principal, have been sustained

against the creditor in *Matthews* v. *Aiken*, 1 Coms. 595. A court of equity will imply a promise on the part of the creditor to subrogate the surety to all his rights and remedies, in case he resorts to the latter for payment upon his guaranty. At law, the legal liability springs from the equitable obligation, and a promise may be implied from the circumstances of the case and the equitable relations of the parties where none in fact existed. *Defendant defaulted.*

SHEPLEY, C. J., and TENNEY, WELLS and HOWARD, J. J., concurred.