BENJAMIN RICKETSON *et al.*

*v.*

MARY A. GILES.

1. COVERTURE—*by whom to be relied upon.* Where a *feme covert* guarantees payment of a note of another, or becomes surety, and fails to plead her coverture when sued, and allows judgment to pass against her, and afterwards pays the debt, the principal, when sued by her to recover back the money paid for him, can not shield himself from liability on the ground she might have relied upon her coverture and defeated a recovery against her. The defence of coverture is a personal one, and can be pleaded only by the *feme covert.*

2. GUARANTY—*to hold principal liable, guarantor must sign by request.* A party guaranteeing the payment of a note given to a third person can not recover of the maker, on being compelled to pay the note, if the guaranty was made of his own accord, without a request, express or implied, from the maker.

3. SAME—*when request to guaranty will be implied.* Where a party selling sewing machines, as agent, to another, takes the notes of the purchaser, payable to the principal, in payment, informing the maker that he, the agent, will be required to guarantee the same, and the maker knows the fact that the notes are to be sent to his vendor's principal and had to be guaranteed by his vendor, a request to guarantee the same may be fairly implied.

4. SURETY—*extent of his undertaking construed.* Where a surety signs a bond for his principal, conditioned that the latter shall pay or cause to be paid to the obligee any and every indebtedness or liability then existing or which might thereafter exist or be incurred in any manner by him to the obligee, this will include the liability of the principal to the obligee under a guaranty by the latter of the principal's note at his request, and its payment by the guarantor.

5. Where a party gives bond, with surety, to another, conditioned for his payment to the obligee of any and every liability or indebtedness that might, thereafter, in any manner, exist or be incurred by him, and the principal buys goods of the obligee and gives his note therefor, but payable to a third person,

which he fails to pay at maturity, he and his surety will be liable on the bond for the amount of such note, under a proper state of pleading, whether the obligee has guaranteed the payment of the note or not.

APPEAL from the Circuit Court of Kane county; the Hon. H. H. CODY, Judge, presiding.

Mr. EUGENE CANFIELD, for the appellants.

Mr. B. F. PARKS, for the appellee.

Per CURIAM: This was an action of debt, brought by Mary A. Giles, in the circuit court of Kendall county, against Ricketson and Erasmus D. Bradley, upon the following instrument of writing:

" Know all men by these presents, that Benjamin Ricketson, of Kendall county, Illinois, as principal, and Erasmus D. Bradley, of Kane county, Illinois, as surety, are held and firmly bound unto Mary A. Giles, of the city of Aurora, Kane county, Illinois, in the sum of $800, lawful money of the United States of America, to be paid to the said Mary A. Giles, her representatives or assigns, for which payment, well and truly to be made, they bind themselves, their heirs, executors and administrators, jointly, severally and firmly, by these presents.

" Dated this 4th day of October, 1871.

" The condition of the above obligation is such, that if the above bounden Benjamin Ricketson, his heirs, executors or administrators, shall well and truly pay, or cause to be paid, any and every indebtedness or liability now existing, or which may hereafter in any manner exist or be incurred on the part of the said Benjamin Ricketson to the said Mary A. Giles, whether such indebtedness or liability shall exist in the shape of book accounts, notes, renewals or extensions of notes or accounts, acceptances, indorsements, or otherwise, hereby waiving presentment for payment, notice of non-payment, protest, and notice of protest and diligence upon all notes now or hereafter executed, indorsed, transferred, guaranteed or

assigned by the said Benjamin Ricketson to the said Mary A. Giles, then this obligation to be void, but otherwise to remain in full force and effect.

BENJ. RICKETSON,     [seal.]

ERASMUS D. BRADLEY." [seal.]

In the second count of the declaration it was averred, that after the making of said writing obligatory, and before the commencement of the suit, Benjamin Ricketson gave two promissory notes to the Singer Manufacturing Company, one dated January 1, 1873, due in one year, with six per cent interest, for $252.37, and the other dated October 29, 1872, due in nine months, with six per cent interest, amount, $80, the payment of which was guaranteed by the plaintiff, at the special instance and request of the said Benjamin Ricketson. It is also averred, that neither of said notes was paid by Ricketson, and upon the maturity thereof plaintiff was required to pay the same. Two notes, as appears from the evidence, were taken by the plaintiff from Ricketson in payment for machines manufactured by the company and delivered to him. The defendants pleaded the general issue, and a stipulation was signed by the parties that all defences might be put in under that plea, and upon a trial of the cause before the court, a jury having been waived, the plaintiff recovered a judgment for the amount of the two promissory notes described in the declaration, and defendants appealed.

It is first contended, that as the plaintiff was, at the time of the guaranty, a married woman, the contract of guaranty was not binding upon her, and if she voluntarily paid the notes she can not recover the amount so paid from the defendant. We shall not stop to inquire whether the plaintiff could have defeated a recovery on her contract of guaranty by a plea of coverture, if she had interposed that defence, because such a defence, if it existed, was personal to her, and if she failed to take advantage of it, the defendants in this action are in no position to invoke her right to aid them here. If a *feme covert* should sign a note as surety, and fail to plead coverture

when sued, but permit judgment to pass, and afterwards pay the debt, the principal on the note, when sued by her to recover back the money paid for him, could not shield himself behind the fact that she might have relied upon coverture when originally sued.

It is also contended, that the defendants are not bound for the reason the guaranty was not made by the plaintiff at the instance or request of Ricketson. It is, doubtless, true, if the plaintiff, of her own accord, without a request, either express or implied, from Ricketson, guaranteed the notes, she would not be able to recover, under the averments of her declaration; but this was a question of fact for the court to determine, from the evidence, and if there was testimony to sustain the judgment, we can not, under the repeated rulings of this court, interfere.

The plaintiff, in her testimony, said: "The consideration of the notes was sewing machines and findings that I furnished the defendant Ricketson. I was agent for the Singer Manufacturing Company, but I really bought and paid for my machines. Ricketson was my agent for the sale of machines, and these notes were taken by me from him in payment for machines I let him have." On cross-examination she testified: "I took the notes I have produced from him, at the time of their respective dates. I did not put my name on the back of either at the time I received them, but I did put it on afterwards, when I came to send the notes to the company. The company gave me credit for the notes, and when the company returned them to me it charged me with them. * * * I think I told Ricketson that I had to guaranty the payment of the notes that I sent to the company. I don't know as he ever asked me to guaranty the payment of the notes, but I told him I should have to do so at some time, before the notes were returned to me."

William Giles, a witness on behalf of plaintiff, testified that he had told Ricketson that Mrs. Giles had to guaranty the payment of all notes she sent to the company.

From the evidence, it is apparent that Ricketson knew these notes were taken to be sent to the company,—they were made payable to the company,—and it is also clear that he was notified that notes sent to the company by the plaintiff had to be guaranteed by her. If it was not the understanding between Ricketson and the plaintiff that she should guaranty the notes, why should he, when informed that the notes had to be guaranteed, remain silent and interpose no objection whatever? If, therefore, he knew the notes were taken for the company, and that the plaintiff had to guaranty them, it is but a fair conclusion that an implied request was established, on his part, that plaintiff should guaranty the notes. If this be so, then an action for a breach of the condition of the bond could be maintained.

The condition of the bond, as to the liability of the obligors, is very broad. It requires Ricketson to pay any and every indebtedness or liability now existing, or which may hereafter in any manner exist or be incurred, by Ricketson to the plaintiff. This would include the liability that arose to the plaintiff by virtue of the guaranty and subsequent payment of the notes. Independent, however, of these considerations, these notes, although payable to the company, were the property of plaintiff, and were given for a debt due from Ricketson to the plaintiff, and when he failed to pay them, upon maturity, an action accrued on the bond; and had the declaration been drawn with a view to this theory of the case, whether the notes had been guaranteed at the request of the defendant or not, a recovery would have been proper.

The judgment, in view of all the facts, we regard right, and it will be affirmed.

*Judgment affirmed.*