# INDEMNITY INSURANCE COMPANY OF NORTH AMERICA v. TIPTON F. McCLURE.[1]

May 18, 1934.

No. 29,894.

[1]Reported in 254 N. W. 913.

*D. F. Nordstrom,* for appellant.

*Alva R. Hunt,* for respondent.

*HOLT, Justice.*

From a judgment dismissing the action with prejudice plaintiff appeals.

The findings of fact are accepted as correct. The sole contention is that upon the findings plaintiff was entitled to a judgment against defendant for $3,324.57 (according to the findings, but for $1,662.28 according to the stipulation). To an understanding of the legal question presented we think this outline of the facts will be sufficient.

In 1926 one Casey owned a farm in Meeker county, this state, and gave a first mortgage thereon to the Bank of Litchfield to secure his note of $10,000. He thereafter gave a second mortgage to this bank to secure his two notes of $4,000 each. These notes and mortgages passed to the State Bank of Litchfield, affiliated with the First Bank Stock Corporation. On March 6, 1930, the notes and mortgages were in default, and in settlement Casey conveyed and gave possession of the farm to the State Bank of Litchfield, and the bank instructed defendant, who was its president, to surrender the notes to Casey and to satisfy the mortgages. Instead of so doing defendant wrongfully transferred one of the $4,000 notes to one Pollock and assigned to him the second mortgage securing said note, which assignment was placed on record. The State Bank of Litchfield brought an action to quiet the title to the farm, making Pollock and defendant parties defendant. This defendant defaulted, but Pollock answered, and the trial resulted in a judgment quieting the title in the bank and awarding it $45 costs, which defendant has paid.

During the time the State Bank of Litchfield owned the notes and mortgages mentioned and until the action to quiet title was brought, defendant was its president and manager and said bank was affili-

ated with the First Bank Stock Corporation, and the latter held a so-called primary banker's bond issued to it by plaintiff agreeing to hold it and the affiliated State Bank of Litchfield harmless against and from any losses sustained by reason of the dishonesty, misappropriation, or conversion by any officer and employe. In a rider attached to the bond the State Bank of Litchfield and this defendant as its president were specifically mentioned. The State Bank of Litchfield in the suit to quiet title paid for attorney's fees and expenses $3,324.57, and it demanded of plaintiff that it reimburse the bank under the bond mentioned. Plaintiff so did, and by this action seeks to recover that amount from defendant.

Plaintiff does not stand upon any claim of subrogation, for by stipulation a paragraph of the complaint which pleaded the right of subrogation was stricken. The tort of defendant—the attempted conversion of the $4,000 promissory note—caused the state bank no loss; the note had been paid and was of no value. The bank was not held liable to Pollock for any wrong committed by defendant; in fact it appears that defendant has settled with Pollock for whatever wrong had been done him. Nor has the bank attempted to transfer or assign to plaintiff any cause of action it might have had against defendant for the conversion of the $4,000 note or for the expenses connected with or growing out of defendant's wrongful conduct in relation to the note. So the case of Bergquist v. Kreidler, 158 Minn. 127, 196 N. W. 964, cannot give plaintiff any standing in court as against defendant. The same may be said of Ireland v. Linn County Bank, 103 Kan. 618, 2 A. L. R. 184. Plaintiff must therefore rest its only right of recovery upon some obligation of defendant to reimburse or indemnify plaintiff to be found in its bond to the First Bank Stock Corporation and the affiliated state bank. But that instrument is nothing more than a bond of indemnity insuring the bank against loss from the dishonesty of its officers or employes. It is not signed by defendant as principal or otherwise. He did not directly or indirectly request plaintiff to execute the bond. He testified he did not know of its existence. It contains no agreement by anyone to make good to plaintiff the loss it may suffer in the performance of its covenants and engage-

ments. Nor can its terms be construed to imply a promise on the part of defendant or on the part of any of the persons whose honesty is guaranteed to reimburse or indemnify plaintiff for what it may have to pay in discharge of the bond, or for attorney's fees in litigation involving either the plaintiff, the First Bank Stock Corporation, or the State Bank of Litchfield. On the facts found defendant was entitled to a dismissal on the merits.

Plaintiff cites cases involving rights growing out of the relation of principal and surety upon bonds or upon commercial paper, and some where one has become a surety upon another's request, as, for instance, Thorn v. Davis, 131 Ark. 178, 198 S. W. 283; Ricketson v. Giles, 91 Ill. 154; Leslie v. Compton, 103 Kan. 92, 172 P. 1015, L. R. A. 1918F, 706; Powers v. Nash, 37 Me. 322; Hecker v. Mahler, 64 Ohio St. 398, 60 N. E. 555; U. S. F. & G. Co. v. Centropolis Bank (C. C. A.) 17 F. (2d) 918. There is nothing in this case on which to attach an implied request from defendant that plaintiff execute the bond or that he would reimburse or indemnify plaintiff for any sums it could be compelled to make good. Stiles v. Municipal Council of Lowell, 233 Mass. 174, 123 N. E. 615, 4 A. L. R. 1365, also cited, was a case of a suit by a city treasurer against the members of the city council for wrongful removal from office, and it was held that his damages might include his reasonable attorney's fees in procuring reinstatement. It is apparent that the defendants there had committed a wrong against the plaintiff. Here defendant had not converted plaintiff's note nor wronged it in regard thereto. Other authorities referred to by plaintiff seem to have no bearing at all on the question here presented.

The judgment is affirmed.

*DEVANEY, Chief Justice,* took no part.