BARTLETT & WARING v. Doe ex dem. GAYLE & PHILLIPS.

1. Where an injunction is awarded at the instance of a *stranger*, to restrain the collection of a judgment by the sale of property levied on, and a bond executed with surety, the lien of the judgment is not thereby impaired ; and upon the dissolution of the injunction, the plaintiff's execution will be entitled to priority, as against other creditors or purchasers, whose liens attached while the injunction was in force.

Writ of error to the Circuit Court of Mobile.

This was an action of ejectment at the suit of the defendants in error, in which the plaintiffs made themselves parties, and entered into the usual consent rule. The cause was submitted to the court upon a case agreed, with the consent that judgment be entered as on verdict; and if rendered for the plaintiff, that "the rent be assessed at six hundred dollars *per annum.*"

The facts stated for the judgment of the court, are substantially as follows, viz: The premises in question were purchased by McRae & Lang, with partnership funds, and upon joint account. After the death of Lang, McRae executed a note in their joint names, by C. C. McRae, survivor, for $3,800, dated the 7th of March, 1838, and payable one day after date, to A. H. Ryland. The consideration of this note was money collected by Messrs McRae & Lang, for the payee, in the year 1836, and which had never been paid over. In order to secure the payment of the note, McRae executed a deed of trust with a power of sale on the premises, bearing date the 6th December, 1838. A sale took place under this deed, at which the plaintiffs' lessors became the purchasers, and received a conveyance from the trustee on the 4th May, 1840.

On the 21st May, 1838, the defendants below recovered a judgment against McRae as surviving partner, for the sum of $7,435 21, being a debt due by McRae & Lang, in the lifetime of the latter. An execution issued on this judgment, bearing teste the 6th June, 1838, which on the 1st of August thereafter, was levied on the land in controversy; on the 9th of the same month, at the instance of Catherine Lang, adm'rx of the deceased partner, an injunction was awarded to restrain the defendants from enforcing the collection of that execution by a sale of the property levied on; and a bond executed, with surety. The injunction was dissolved on the 7th January, 1839, and on the 4th of March, the land was regularly sold to the defendants by the sheriff of Mobile, for the sum of $9,860, who made them a deed therefor, which was duly recorded. The bill upon which the injunction was granted, was continued as an original, up to the fall term of the chancery court, holden for Mobile in the year 1840. On these facts, a judgment was rendered in favor of the plaintiffs.

G. N. Stewart and J. A. Campbell, for the plaintiffs in error, made the following points: 1. The injunction granted upon the

bill of Mrs. Lang, did not enjoin the judgment of Bartlett & Waring against McRae, or in any manner impair its validity, or power. [9 Porter's Rep. 376; 4 Ala. Rep. N. S. 20; 3 B. Monr. Rep. 191.]

2. The suspension of an execution by operation of law, does not destroy its lien. [2 Stew't & P. Rep. 390; 3 Porter's Rep. 138; 8 Leigh's Rep. 416; 4 Peters' Rep. 124.]

P. Phillips, for the defendants. The lien of the judgment in favor of Bartlett & Waring, as it respects the premises in question, was destroyed by the injunction granted upon the application of Mrs. Lang; for it is an acknowledged principle, that the lien of a judgment depends upon the right to sue out an execution. [1 Paige's Ch. Rep. 558; 2 Call's Rep. 125; 4 H. & Munf. 57; 13 Johns. Rep. 553; 1 Peters' Rep. 443; 13 id. 474; 16 id. 108.]

A judgment loses its lien after a year and a day from its rendition. [14 Mass. Rep. 386; 15 Johns. Rep. 169; 16 id. 537; 8 Serg't & R. Rep. 376; 18. Wend. Rep. 526.] So, where the debtor executes a bond with surety, as the condition on which an injunction is granted, the bond is a substitute for the lien of the judgment. [1 Martin &. Y. Rep. 373; 4 Bibb's Rep. 263; 4 How. Rep. (Miss.) 180; 1 Wash. Rep. 120; 2 Hayw. Rep. 81; 6 Munf. Rep. 184; 3 Yerger Rep. 84.]

COLLIER, C. J.—The only question necessary to be considered in this case, is, whether the order for an injunction made upon the bill of Mrs Lang, and the execution of a bond by her with sureties, suspended the lien of the judgment in favor of the plaintiffs below against McRae, as the surviving partner of Lang, until the injunction was dissolved? It has been repeatedly held, as well by ourselves as our predecessors, that the effect of an injunction regularly issued upon the execution of a bond with surety, by the defendant in the judgment, is to destroy the lien of the execution injoined. [Mansony and Hurtell v. The U. S. Bank and its assignees, 4 Ala. Rep. 750, and cases there cited.] So, where an execution is superseded, by giving bond with surety upon suing out a writ of error, the lien of the judgment is discharged. [Campbell, use, &c. v. Spence, et al. 4 Ala. Rep. 543.]— But the lien is not impaired by the execution of a replevy bond, forthcoming bond, or a bond to try the right of property, id; [Mills

v. Williams, et al. 2 Stew't & P. Rep. 390; McRae and Augustin v. McLean, 3 Porter's Rep. 138.]

It is insisted for the plaintiff in error, that a judgment only operates a lien upon the lands of the party against whom it is recovered so long as it may be enforced by execution; and that the injunction restraining all proceedings as to the premises in question, relieved them from the lien of the judgment. [See Mansony and Hurtell v. The U. S. Bank, &c. *ut supra*; Wood v. Gary, 5 Ala. Rep. 43.] The principle upon which an injunction has been held to discharge the lien of a judgment or execution, is, that the bond which the complainant executes, furnishes the plaintiff with another security for his debt; and upon which he may, after the injunction is dissolved, have an execution. [Conway v. Jett, 1 Martin & Y. Rep. 373; Smith, et al. v. Everly, et al. 4 How. Rep. 178; Clay's Dig. 357, § 79.] Now the condition of the bond in the case before us, is, that the complainant "shall pay and satisfy all damages which the said defendants may sustain by the wrongful suing out of the said injunction." It is perfectly clear that the undertaking of the obligors does not oblige them to pay and satisfy the judgment, if the bill for an injunction shall be unsuccessfully prosecuted; it merely binds them to make good any loss which the obligees sustained by reason of the groundless exhibition of the bill. Thus, if the property depreciated in value during the period that the injunction continued in force, by the burning of houses, &c. so that the plaintiff could not obtain satisfaction of his execution; in such case, the plaintiffs in the judgment may resort to their remedy upon the bond. But if the property continues of value sufficient to satisfy the judgment, the plaintiffs have sustained no damage for which they can charge the sureties in the bond; as for the delay in its collection, the law regards the interest as an equivalent for that.

Upon this point, the case of Hanley v. Wallace, [3 B. Monr. Rep. 184,] is a direct authority for the plaintiffs in error. The court there say, where a judgment is injoined at the suit of a stranger to it, and an injunction bond given by him to restrain the sale of a particular article of property; *whatever may be the condition of the bond*, it operates in equity, only as a security to the obligee for the injury that may accrue, not for the amount of the debt. Here the law is laid down in stronger terms than the condition of the bond in the present case requires.

It may also be remarked that no execution can be issued upon the bond; 1. Because it does not injoin the judgment, but only proceedings thereon, as it respects the premises in controversy. 2. Because the defendant at law is not the complainant in equity.

From this view it results, that the lien of the judgment is paramount to that of the deed of trust: The consequence is, that the decision of the circuit court upon the facts is erroneous—its judgment is, therefore, reversed, and the cause remanded, if the defendant in error desires it.