## JOHN H. SHULTZ v. N. H. SMITH, *et al.*

1. SALES OF LANDS, ON EXECUTION; *Return-day of Writ.* A sheriff cannot legally sell real estate on execution after the return-day of the execution, and more than sixty days after its date and after it was issued.

2. ———— After such a sale has been made, the judgment-debtor whose property was sold may have the sale set aside, on motion in the proper district court.

*Error from Howard District Court.*

A DECREE of foreclosure and sale was rendered at the October Term 1874 of the Howard district court, in an action wherein *Shultz* was plaintiff, and *Smith* and wife were defendants. On the 24th of November 1874 the clerk of said court issued an order of sale ( called in the record " an order of sale, or special execution,") directed to the sheriff of said county, reciting said decree, and the non-payment of the judgment-debt, and commanding said sheriff to cause the mortgaged premises described in the decree " to be appraised, advertised and sold according to law," etc., and to make due return of said writ or order " in sixty days " from the date

thereof. The sheriff received said writ, (as shown by his return thereon,) on the 4th of December 1874, and advertised said property to be sold ( and sold the same ) on the 27th of January 1875, to one C. E., for $370. At the May Term 1875 of said district court, *Shultz* moved for a confirmation of said sale. The defendants objected, and moved to set the sale aside. The motion to confirm was denied, and said sale was set aside by order of the court. From this order *Shultz* appeals, and brings the case here.

*C. J. Peckham*, and *R. H. Nichols*, for plaintiff.

*Daniel Carr*, for defendants.

The opinion of the court was delivered by

VALENTINE, J.: The only question presented for our consideration in this case is, whether the court below erred in setting aside a certain sheriff sale. Indeed, about the only question is, whether a sheriff can legally and properly sell real estate on execution after the return-day of the execution, and more than sixty days after its date and after it was issued. The execution in this case was issued and dated ·November 24th 1874, and made returnable in sixty days, and the sale was made on January 27th 1875. Section 469 of the civil code provides that, " The sheriff or other officer, to whom any writ of execution shall be directed, shall return such writ to the court to which the same is returnable, within sixty days from the date thereof." ( Gen. Stat. 720.) And § 472 of the same code provides among other things that, " If any sheriff or other officer  *  *  *  shall neglect to return any writ of execution to the proper court, on or before the return-day thereof,  *  *  *  such sheriff or other officer shall, on motion in court, and two days' notice thereof, in writing, be amerced," etc. ( Gen. Stat. 721, 722.) And all the authorities upon the subject seem to indicate that no valid act can be done by an officer under an execution after the return-day thereof, except to return the writ. *Vail v. Lewis*, 4 Johns. 450; *Haggarty v. Wilber*, 16 Johns. 287; *Devoe v. Elliott*, 2 Caines,

243; *Banard v. Stevens,* 2 Aikins, 429; *Matthews v. Warne,* 11 N. J. L. ( 6 Halstead ) 29; *The State v. Kennedy,* 18 N. J. L. ( 3 Harrison ) 22; *Orews v. Garland,* 2 Munford ( Va.) 491.

We think the sheriff had no authority to sell said property at the time he sold it, and therefore that the sale was at least voidable, if not void. The property probably did not bring as fair a price as it would have brought if everything had been regular and valid. The judgment-debtor, the defendant in error in this court, whose property was sold, attacked said sale in a direct manner, and at his earliest opportunity, by moving the court to have the sale set aside, and therefore if the sale was only voidable we think he had a right to have it set aside.

The order of the district court will be affirmed.

BREWER, J., concurring.