## SILAS RAIN v. FRANK L. YOUNG.

**No. 11,410.** ( 59 Pac. 1068.)

JUDICIAL SALE — *Dormant Judgment* — *Venditioni Exponas.* An execution was levied upon land which was appraised and advertised for sale by the sheriff. Further proceedings under the writ were enjoined by the judgment debtor, and return of the process made by the officer reciting the facts. The defendant in the execution then died and the injunction suit was dismissed. Immediately, and without revivor, an *alias* execution was issued reciting the steps taken under the first one, and the land advertised and sold thereunder. *Held*, that the *alias* execution under the statute performed the office of a writ of *venditioni exponas* at common law, and that a sale made under it was valid.

Error from Shawnee district court; Z. T. HAZEN, judge. Opinion filed February 10, 1900. Reversed.

STATEMENT.

THIS was an action brought in the court below by defendant in error, Frank L. Young, against Silas Rain to quiet his title to a tract of land in Shawnee county. Rain claimed title and based the same on a sheriff's deed made pursuant to the following proceedings : On May 13, 1875, Morehead, Young & Co. recovered judgment in the district court against J. N. Young, W. B. Young, and S. Rain. Within one year thereafter an execution was issued on the same and returned unsatisfied. Within five years after the rendition of the judgment an *alias* execution was issued, and returned by the sheriff unsatisfied. Afterward, and within five years from the date of the last execution, and on July 20, 1880, a *pluries* execution was issued on the judgment, directed to the sheriff of Shawnee county, against the defendants and each of them. Not finding any personal property, the same was executed by levying it on the real estate in controversy herein, the property of J. N. Young, at the

date last mentioned.   The land was appraised and ad-
vertised for sale by the sheriff.   Before a sale could
be had J. N. Young commenced an action to enjoin
the sale and the collection of the judgment, and ob-
tained a temporary injunction restraining the sheriff
from selling the property.   Pending the injunction
proceedings the sheriff made return of the execution,
setting forth the levy made thereunder, the appraise-
ment, advertisement, etc., and that he was prevented
from selling the property by reason of the injunction
order.

On November 29, 1882, and while the injunction
suit was pending, J. N.Young died, and no steps were
taken thereafter to revive the injunction proceedings.
Afterward, and on March 16, 1885, the action was
dismissed and the order of temporary injunction va-
cated.   On the same day another execution was issued
on the judgment, and thereunder the land was duly
advertised and sold to George W. Crane.   On April
24, 1885, the sale was confirmed by the district court
and the sheriff directed to make a deed to the pur-
chaser.   The plaintiff in error, defendant below, claims
title under the grantee in said sheriff's deed.

*Quinton & Quinton*, for plaintiff in error.
*Waters & Waters*, for defendant in error.

The opinion of the court was delivered by

SMITH, J.: The question to be determined is,
whether a failure to revive the judgment against J. N.
Young after an execution had been levied on his
property, an appraisement made, and the land adver-
tised for sale, in his lifetime, rendered void a sale
made under another execution issued after his death.
The validity of such sale must be upheld.   Section

454 of chapter 95 of the General Statutes of 1897 (Gen. Stat. 1899, § 4709) reads : "All real estate not bound by the lien of the judgment, as well as goods and chattels of the debtor, shall be bound from the time they shall be seized in execution." Section 468 of the same chapter provides (Gen. Stat. 1899, § 4724): "If lands or tenements levied on as aforesaid are not sold upon one execution, other executions may be issued to sell the property so levied upon."

The lien of the execution, of date July 20, 1880, levied on the real estate in the lifetime of Young, the judgment debtor, was not divested by the injunction proceedings or by his death. The land was "seized in execution" and was bound for the payment of the amount of the judgment from that time. At the date of the levy Young was living. If Young had not died, and all proceedings after the levy, appraisement and advertisement for sale had been stayed, as they were, by the injunction suit, an *alias* execution issued after the impediment to the sale interposed by the injunction had been removed would authorize the sheriff to proceed and complete the work begun, commencing at the place where it was 'interrupted. No new appraisement was necessary. (*Capital Bank v. Huntoon*, 35 Kan. 577, 11 Pac. 369.)

An execution issued in the lifetime of a judgment debtor, and a levy made thereunder, being an entire thing, cannot be superseded after proceedings thereunder have been begun in obedience to the command of the writ. The last execution, under which the property was sold, is, by the provisions of our statute, to be given the same effect as a common-law writ of *venditioni exponas*, which was a process in continuation and completion of a previous execution by which the property had been appropriated and placed in the

custody of the law. " It is not a separate, independent, much less an original, proceeding, the offspring or result of a distinct and further adjudication." (*Taylor v. Doe*, 13 How. 287, 293, 14 L. Ed. 149.) The case cited is a pertinent authority. A writ of *fieri facias* was issued on a judgment, returnable in June, 1841. April 16, 1841, it was levied on the land of Crane. Two-thirds the value of the property not being bid, the writ was returned. February 20, 1842, Crane died. May 30, 1842, a writ of *venditioni exponas* was issued commanding the sheriff to sell the land, which he did. It was held that the death of the judgment debtor did not render the sale void. To the same effect, see *Holman v. Holman*, 66 Barb. 215 ; *Doe v. Heath*, 7 Blackf. ( Ind.) 154 ; *Barber v. Peay, as Adm'r*, 31 Ark. 392.

In *Bigelow et al. v. Renker*, 25 Ohio St. 542, real estate was levied on in the lifetime of the judgment debtor and sold after his death without first making his representatives parties to the judgment. The court said :

" The lands in controversy had been duly taken in execution and appraised as the property of Perry, the judgment debtor, in his lifetime ; but were sold under a *venditioni exponas* issued after his death. . . . Execution was pending. The *venditioni exponas* was the mere complement of the *fieri facias*. Together they completed the process of execution. The heir succeeded to an estate in the custody of the law, and took it subject to the process of execution already in operation."

The last execution, under which the sale was made, related in its operation back to the levy under the prior one. It recited that a former execution had been levied on the land and the property advertised for sale, and that further proceedings thereunder had

been enjoined, and its directions were confined to an order to sell under the levy theretofore made. The purpose was to complete the proceedings begun under the former writ. It followed the form of a writ of *venditioni exponas* at common law, the nature of which is thus defined :

"The *venditioni exponas* is sometimes spoken of as a branch of the writ of *fieri facias*. It is issued when an original, *alias* or *pluries* writ of *fieri facias* is returned with an indorsement, showing that the officer has levied on property and has the same in his hands unsold. . . . This writ is, therefore, properly defined as the writ which compels an officer to proceed with the sale of property levied upon under a *fieri facias*." (Freem. Ex., 2d ed., § 57.

In *Ritchie v. Higginbotham*, 26 Kan. 645, an execution was levied and returned. An *alias* was then issued in the usual form, making no reference to the prior execution, in which the sheriff was commanded to levy the same, etc. It was held that while the *alias* writ was not in the form of a *venditioni exponas*, it performed the same office, and a legal sale could be made under it. In *Green, Adm'r, v. McMurtry*, 20 Kan. 189, the right to proceed in the manner adopted in the case at bar is recognized. The sheriff's deed conveyed all the title of the execution debtor.

The judgment of the district court will be reversed and a new trial ordered.