POLK *v.* GARDNER.

Opinion delivered February 17, 1900

EQUITY—JURISDICTION—REMEDY AT LAW—Equity has no jurisdiction of a bill by a creditor, whose claim was secured by mortgage on the debtor's cotton, to enjoin an attachment suit by a subsequent creditor, and to have the court take control of the cotton, or its proceeds, and apply the same to plaintiff's debt, since there is an adequate remedy at law. (Page 442.)

Appeal from Crittenden Chancery Court.

*Edward D. Robertson*, Chancellor.

*F. H. Heiskell*, for appellants.

The right of appellants to foreclose their mortgage was a matter for equitable cognizance.

*Appellees, pro se.*

There being an adequate remedy at law, chancery has no jurisdiction.   27 Ark. 157.

BUNN, C. J.   The defendant Overton Gardner rented for the year 1897 what was known as the Mary Knox farm, in Crittenden county, and gave a deed of trust to A. K. Burrow, as trustee, on the 18th of May, 1897, on certain live stock and the crops of corn, cotton and cotton seed then to be planted, cultivated and gathered on said farm for that year, to secure his note to the plaintiffs of that date for supplies to assist him in making said crops.   It appears from the bill that Gardner made 20 bales of cotton, but shipped only three to plaintiffs, who were also to enjoy the benefit of handling and selling said crops, and 17 bales remained in his possession.   The bill charges that the defendant, William Bernard, had in the mean-time asserted some claim to or interest in said cotton, as had also defendant R. B. Barton, either for himself or in the name of his wife and co-defendant, Mrs. F. K. Barton, who was a merchant in said county doing business on her own account.

The bill also charges that the Bartons attached these 17 bales of cotton, as against Gardner, for the debt they claimed to be owing them by him, and that this suit was pending when the bill herein was filed. The plaintiffs also say in the bill that R. B. Barton, the husband, had previously represented to them that they (the Bartons) had also furnished supplies to Gardner, and that he desired to get control of the cotton; assuring them, however, that their claim, and others in this direction, would not interfere with plaintiffs' claim or rights in any particular, nor those of Gardner, and promising to ship the cotton to plaintiffs, that they might dispose of the same as aforesaid. The bill concludes with the prayer: "That said defendants, and all of them, be enjoined from further prosecuting this suit [the said suit in attachment] in the court at law, and that a receiver be appointed to take charge of this cotton, if it is still held by the Bartons, or either of them, or, if it has been sold, that they be required and compelled to put the proceeds in the hands of a receiver, who will hold the same until the rights of the parties have been disposed of, to the end that this court may be enabled to do justice to each party, and to see that the plaintiffs are paid in full the amount that has been due, out of the cotton which has been illegally and improperly withheld from them."

A demurrer to the bill was interposed by the Bartons and Bernard on two grounds: First, because the chancery court had no jurisdiction to hear and determine the cause; and, secondly, because the bill does not state facts sufficient to constitute a cause of action. This demurrer was sustained, and, the "plaintiffs expressly refusing to amend or plead further, and electing to stand upon their said complaint, it is considered, ordered and adjudged and decreed by the court that the complaint of plaintiffs be and the same is dismissed as to these defendants, and that plaintiffs pay all costs of this action, to all of which ruling, decision, and judgment of the court the plaintiffs excepted at the time, and prayed an appeal to the supreme court, which is by the court here granted."

The bill did not seek to foreclose the mortgage or deed of trust on the cotton, but merely to enjoin a proceeding at law

between the defendants herein, and to have the chancery court take control of the cotton which was the subject of this proceeding at law, or its proceeds, and apply the same to plaintiff's debt, as far as might be necessary to settle the same. This purpose might have been accomplished by one method at law, if not more. At all events, there was a plain, adequate remedy at law, and equity therefore had no jurisdiction. This logically affirms the judgment, at least on the first ground of the demurrer, and as to the second ground, as regards the sufficiency of the facts stated to constitute a cause of action in equity. But the bill may state facts sufficient to constitute a cause of action at law. If so, the order of dismissal should not have been made, but an order to transfer would have been proper.

It does not, however, appear certainly that a cause of action at law is properly stated in the bill, and it must be said in behalf of the chancellor that, upon the refusal of the plaintiffs to amend so as to show a cause of action at law, it is at least questionable whether or not his order was not all that could have been made. But, out of abundant caution, we will remand the cause, with directions to permit plaintiffs to amend, and ask a transfer, if they so desire, to the appropriate law court, under section 9 of the act organizing the chancery court. Acts of 1897, p. 92.

With this modification of the decretal order of the chancellor, the cause is remanded with the direction aforesaid.

BATTLE, J., did not participate in the decision of this case.