THE FIRST NATIONAL BANK OF ARKANSAS CITY, KANSAS, v. THE FARMERS' NATIONAL BANK OF ARKANSAS CITY, KANSAS.

No. 11,534.    (60 Pac. 324.)

1. JUDICIAL SALE—*Alias Execution.* Lands levied on under one execution, and advertised for sale for a time beyond the return day of the writ, may be sold; as advertised, under a second or *alias* writ, issued under circumstances and containing recitals which show that it was procured under the authority of section 468, chapter 95, General Statutes of 1897 (Gen. Stat. 1899, § 4724), for the purpose of authorizing the sale under the previous levy and advertisement.

2. ———— *Cases Distinguished and Followed.* The case of *Shultz v. Smith*, 17 Kan. 306, distinguished, and the cases of *Ritchie v. Higginbotham*, 26 id. 645, and *Rain v. Young*, ante, p. 428, 59 Pac. 1068, followed.

Error from Cowley district court; W. T. McBRIDE, judge. Opinion filed March 10, 1900. Reversed.

*Pollock & Lafferty,* for plaintiff in error.

*Jackson & Love, C. T. Atkinson,* and *C. L. Swarts,* for defendant in error.

The opinion of the court was delivered by

DOSTER, C. J.: The errors complained of in this case are the overruling of a motion to confirm a sale of real estate and the sustaining of a motion to set the sale aside. The plaintiff in error had recovered a judgment against the defendant in error. On the 6th of November execution on the judgment was issued, and on the 25th of that month it was levied on a certain town lot. On the 10th of December the sheriff made the first publication of sale notice, stating therein that he would sell the property on the 10th of January following. Thus it will be observed that the time of the sale was set four days beyond the life of the writ under which the levy and advertisement were made. January 4, the sheriff made return of the execution, reciting what he had that far done under it, and stating in conclusion :

" Because the life of this writ expires before the sale day, I return this writ and ask that an *alias* writ be forthwith issued under which I may make the sale as advertised."

Upon the return of the writ with the above indorsements, the clerk issued another execution in the ordinary form, but which, in addition to the usual recitals, contained the following :

"And on the 6th day of November, 1897, an execution issued to the sheriff of said county, which execution was returned because the life of said writ expired before return-day."

The clerk meant, of course, that it expired before

the sale day. Under this last-mentioned writ sale was made on January 10, as previously advertised, but without any relevy or readvertisement. The sheriff's return of sale, among other recitals, contained the following: "Received this writ January 4, 1898, and finding no goods whereon to levy and no land except that hereinafter mentioned, and having on November 25, 1897, levied a prior execution herein upon the following-described land, to wit," etc. This was followed by a recital of the publication of sale notice on the 10th of December and its continued publication to the sale day, and closed in the following words: "And at the time and place stated in said notice of sale, acting then under this writ, I sold said lands and tenements," etc.

The objections to the sale were that it had been made after the return-day, and after the return of the writ under which the levy and advertisement of sale had been made, and, in addition thereto, inadequacy of price, presumptively caused by the claimed irregularities. The defendant in error states its contention in the words of the following interrogatory: "Can a sheriff make a valid sale of real estate under an *alias* execution in his hands, when the only notice of said sale was made under a prior execution, and the said notice shows on its face that the life of the execution under which said notice was made would expire by limitation of law prior to the date fixed for said sale?"

The general rule is that sales of real estate should be set aside for gross inadequacy of price, coupled with irregularities in the sale proceedings of such consequence as to raise the inference that they may have caused or contributed to the inadequacy, but in view of the previous decisions of this court we are con-

strained to hold that the sale in question did not come within the rule stated. The irregularities in the sale proceedings were of the most inconsequential character. True it is that in *Shultz v. Smith*, 17 Kan. 306, it was held that a sheriff cannot legally sell real estate on execution after the return-day of the writ, and to that decision we still adhere ; but in *Ritchie v. Higginbotham*, 26 Kan. 645, it was held :

" Real estate levied upon under one execution in the form of an ordinary *fieri facias*, may be sold without a relevy under an *alias* execution in the same form and without any clause of *venditioni exponas* in it ; and a sale thus made should, if there be no other objections thereto, be confirmed."

It is true that in the case just quoted from the advertisement of sale, as well as the sale, was made under the second or *alias* execution, but the case is a pointed authority in support of the proposition that a levy may be made under one execution and a sale made under the succeeding one. The court was in great part aided to its conclusion by the statute (Gen. Stat. 1897, ch. 95, § 468 ; Gen. Stat. 1899, § 4724), which reads as follows :

" If lands and tenements levied on as aforesaid are not sold upon one execution, other executions may be issued to sell the property so levied upon."

This statute applies to the facts of the present case. It does not read that " if lands or tenements levied on as aforesaid are not sold upon one execution, other executions may be issued to *advertise* and sell the property so levied upon," but it reads that " other executions may be issued to *sell* the property so levied upon." In the case just cited it was held, that while the writ did not contain a clause of *venditioni exponas*, and did not need to contain such clause, yet that it per-

formed the office of such kind of writ, so far as writs of that nature were adapted to the sale of real property on execution. In the recent case of *Rain v. Young*, ante, p. 428, 59 Pac. 1068, it was held that an *alias* execution, which recited all steps taken under a prior execution which had been returned into court, performed the office of a *venditioni exponas*, and that under it, and in pursuance to the levy made under the former writ, an advertisement and sale of the land could be made. The rationale of these decisions is that the duties of an officer in making sale of real estate, commenced under one writ, may be completed under an *alias* writ, either in the form of a *venditioni exponas* or otherwise.

The writ under which the sale was made in the present case was issued in view of facts and contains recitals which justify us in regarding it as a writ issued under section 468, chapter 95, General Statutes of 1897 (Gen. Stat. 1899, § 4724), above quoted, and as having been executed in conformity to that statute. It contained no clause of *venditioni exponas*, but the former writ had been returned by the officer with a request that an *alias* writ be issued, under which he might "make sale as advertised." Because of that return, and in compliance with that request, the clerk issued a second writ, reciting the execution and return of the preceding one, and the reason for its return. On this second writ, and as a part of his return, the officer recited the proceedings had by him under the former execution, and, among other things, stated that in the making of the sale he acted under the second writ. All these matters show a substantial compliance with the statutes as previously construed by this court.

The defendant in error specially objected that in-

tending purchasers may have been deterred from attending the sale, because the notice showed upon its face that the sale could not take place until after the return-day of the execution under which the advertisement was made. It is argued, upon the authority of *Shultz v. Smith*, supra, that they would have been justified in believing that the sale could not be legally made after such return-day. A sufficient reply to this is that they would also have been justified in believing that the officer might, as he did, and as the law allows, procure the issuance of an *alias* writ as authority for him to make the sale as it had been advertised.

The court below was in error in refusing to confirm the sale and in sustaining the motion to vacate it. Its judgment is therefore reversed, with directions to overrule the motion to vacate the sale and to sustain the motion to confirm it.