JOHNSON v. GILLENWATER.

Opinion delivered April 15, 1905.

1. EQUITY—JURISDICTION.—Equity has no jurisdiction of a suit by a mortgagee to recover chattels alleged to have been taken from his possession under attachment in favor of a junior lienor, as the remedy at law is adequate. (Page 115.)

2. INJUNCTION—DISSOLUTION—DAMAGES.—A temporary injunction, issued at the commencement of an action, restraining defendant from enforcing an attachment lien on personal property, did not operate as a release of the property from the officer's custody, nor discharge the lien; and it was error, upon its dissolution, to render a decree against the plaintiff for the amount of the defendant's debt, in the absence of proof that the attached property had been lost, damaged, or depreciated in value by reason of the issuance of the restraining order. (Page 115.)

Appeal from Woodruff Chancery Court.

EDWARD D. ROBERTSON, Judge.

Reversed.

### STATEMENT BY THE COURT.

Appellee sued the Riverside Lumber Company, a corporation, before a justice of the peace of Woodruff County to enforce his claim for laborers' lien on a lot of lumber. An attachment was issued, as provided by law, and levied upon the lumber upon which the lien was claimed. Judgment was rendered in his favor for the amount of debt claimed, and the lumber was ordered to be sold to satisfy same. Before sale appellant Johnson commenced this suit in equity against appellee to enjoin the enforcement of the judgment, claiming the lumber under a chattel mortgage executed to him by the Riverside Lumber Company before the date of the alleged performance of labor by appellee. He

alleged in the complaint that the debt claimed by appellee against the Riverside Lumber Company was fictitious, and that the judgment was procured by collusion between appellee and the Riverside Lumber Company to defraud appellant. Appellant S. M. Jones afterward appeared, and was permitted to join as plaintiff in the suit, claiming an interest in the lumber under a chattel mortgage executed to him by the Riverside Lumber Company subsequent to the execution of the mortgage to appellant Johnson. The court below dismissed the complaint for want of equity, and decreed that the defendant recover of the plaintiffs the amount of the judgment against the Riverside Lumber Company, and plaintiffs appealed.

*Gustave Jones,* for appellants.

A sawyer at a mill has no lien on lumber made therein except for the specific lumber produced by him. 50 Ark. 244; 54 Ark. 522. The mortgage was superior to the lien. 51 Ark. 222.

*J. F. Summers,* for appellee.

McCulloch, J., (after stating the facts.) Under the statute giving the lien claimed by appellee as laborer (Kirby's Dig. § 5011), the lien is declared to be subordinate to all prior subsisting liens.

The remedy of appellants was complete and adequate at law by a replevin suit for recovery of possession of the mortgaged property for the purpose of foreclosing the mortgage under the power of sale therein contained. The pleadings and proof present no ground for the interposition of a court of equity, as the object of the suit is not to foreclose the mortgage in equity, but the prayer is that further proceedings under the judgment be stayed, and that the attached property be restored to plaintiffs, from whose possession it is alleged to have been taken. *Polk* v. *Gardner,* 67 Ark. 441.

The chancellor erred, however, in rendering a decree against appellants for the amount of appellee's judgment debt against the Riverside Lumber Company. The temporary restraining order issued at the commencement of the action did not operate as a

release of the property from the custody of the attaching officer, or discharge the specific lien which appellee acquired by the levy of the attachment. It continued in the hands of the officer subject to appellee's lien, and only further proceedings were prevented by the injunction while in force. Kirby's Digest, § 3998, empowering the court, "upon dissolution of an injunction to stay proceedings upon a judgment or final order," to assess damages, does not authorize a decree for the full amount of the judgment sought to be stayed, unless it is shown that damages to that extent have been sustained. There is no proof in the record showing that the attached property has been lost, damaged or depreciated in value, so that appellee's judgment cannot be enforced by a sale thereof. Until that is established, no damage is shown to have been sustained by appellee. The decree is affirmed, in so far as it dismisses the complaint for want of equity; but the affirmance is without prejudice of the right of appellants, or either of them, to assert their proper remedy, as they may be advised.

The decree against appellants for the amount of appellee's judgment debt is reversed and remanded, with directions to permit further proof to be taken, if the parties so desire, as to the amount of damages sustained by appellee by reason of the injunction, and, upon further hearing of the cause either by the court or by reference to a jury, to render a decree in appellee's favor against appellants, not inconsistent with this opinion, for any damages shown by the proof to have been sustained by reason of the injunction.