SHUGART *v.* SORRELLS, CONSTABLE.

Opinion delivered April 15, 1918.

1. INJUNCTION—DISSOLUTION—SUMMARY JUDGMENT.—The statute authorizes a summary judgment for damages on dissolution of a bond for injunction to stay procedings upon a judgment.

2. INJUNCTION—ATTACHMENT—LIABILITY OF BOND.—A judgment creditor levied upon certain property of the debtor, the constable leaving the property in the debtor's hands. The debtor obtained a temporary injunction restraining the constable from enforcing levy, and left the State with the property and disposed of it. *Held,* summary judgment could be rendered against the bondsmen on the injunction bond, for the amount of the judgment, and this was not affected by the fact that the judgment debtor was not made a party.

Appeal from Dallas Chancery Court; *James M. Barker,* Chancellor; affirmed.

*T. D. Wynne,* for appellant.

The bond was executed for the benefit of the constable alone. It was his duty to take proper care of the property under the attachment lien. Kirby's Digest, § 348; 33 Ark. 70. The sureties were not liable for any loss sustained by Sorrells, the judgment plaintiff. He was

not a party and it was error to enter judgment for any loss sustained by him. 34 Ark. 542. Any loss occurring was due to the negligence of the constable in not caring properly for the property on which there was a lien. Kirby's Digest, § 360; 63 Ark. 151. The sureties were not liable for the plaintiff Sorrells' loss. He had his remedy against the constable and his sureties and should have pursued it.

*Powell & Smead,* for appellee.

1. The judgment plaintiff was the real beneficiary of the bond given, and could sue. 31 Ark. 155; 46 *Id.* 133; 65 *Id.* 27; 85 *Id.* 59. The bond was made for his benefit; the constable was only his agent and the judgment was for the benefit of the real party in interest. 42 S. W. 37; 50 N. Y. 282; 27 Cent. Dig. 2282; 14 So. 625; 58 Ind. 273; 39 Pac. 456, 852; 27 Cent. Dig. 2333-4-5; 8 Ky. L. R. 526.

2. No forthcoming bond was executed, but Drake was the bailee of the constable. 32 Ark. 261. The sureties were not discharged because the constable left the property in Drake's hands to await sale. The sureties were liable for the full amount of the judgment. 32 Ark. 261; 75 *Id.* 114. No negligence nor fraud is shown. 99 Ark. 319; 70 *Id.* 512; 31 N. Y. 294; 127 *Id.* 417. The principal's liability is conclusive against sureties. 18 N. Y. 463; 16 Vt. 658; 32 Ind. 1789; 2 N. W. 987; 32 *Id.* 93.

McCULLOCH, C. J. This is an appeal from a decree of the chancery court of Dallas County summarily awarding damages on an injunction bond. The facts are that G. L. Sorrells obtained judgment against J. S. Drake before a justice of the peace for recovery of the sum of $290.52, with interest and cost of suit, and the attachment in the cause was sustained and the attached property ordered to be sold. W. T. Sorrells, the constable of the township, had levied the attachment on personal property consisting of two mules and a wagon, and for convenience left the property with Drake, the defendant in the action. After the rendition of the judgment, but be-

fore the order of sale could be executed, Drake instituted an action in the chancery court against Sorrells as constable to restrain the enforcement of the judgment. A temporary restraining order was issued by the county judge and Drake executed a bond with appellants Shugart and Elliott as sureties in the following form:

"We undertake to hold harmless the defendant, W. T. Sorrells, as constable of Holly Springs township, from all damages which he may sustain by reason of the issuance of the injunction order obtained herein from the county judge of Dallas County, if the same may have been wrongfuly issued."

On the hearing of the cause the injunction was dissolved and on motion of said constable as defendant in the cause, for summary judgment, the court heard evidence and rendered judgment in favor of the constable for the use of the judgment plaintiff, G. L. Sorrells, in the full amount of the original judgment, interest and costs. The sureties on the bond have appealed.

The statute authorizes a summary judgment for damages on dissolution of a bond for injunction to stay proceedings upon a judgment. Kirby's Digest, sec. 3998. The evidence was sufficient to sustain the findings of the court that damages resulted from the injunction and the extent thereof. The evidence shows that as soon as the injunction was granted, Drake, the original defendant, removed from the State and took the property with him and sold it, and that the property was of a market value in excess of the amount of the judgment. The enforcement of the judgment was thus prevented and damage to the extent of the unpaid judgment resulted; therefore, a summary judgment to the amount of the original judgment was justified. *Johnson* v. *Gillenwater,* 75 Ark. 114. The fact that the constable himself, by leaving the property in possession of the judgment debtor, subjected himself to liability for the loss of the property does not lessen the liability of the sureties on the bond for the damage resulting from the wrongful issuance of the injunction.

The original judgment plaintiff was not a party to the injunction suit and was not mentioned in the bond, but he was the beneficiary, and because of the fact that the judgment stayed by the operation of the injunction was in his favor, any damage which prevented its enforcement necessarily affected him. The constable was acting for the benefit of the plaintiff in the original judgment and the bond inured to his benefit. The court or judge issuing the injunction should have required the original plaintiff to be made a party to the action and required the bond to be made for his express benefit, but the failure of the court to do that does not lessen the liability of the sureties on the bond to a person sustaining damages, for whom the constable was acting. *Vicksburg, S. & T. Railroad Co. v. Barksdale*, 15 La. Ann. 465; *Andrews, Receiver, v. The Glenville Woolen Co.*, 50 N. Y. 282. In other words, the plaintiff in the original judgment was the real party in interest, and the effect of the bond was to protect hm from loss.

The decree was, therefore, correct, and the same is affirmed.