## STORRIE v. McALESTER FUEL CO.

### No. 2621.

Circuit Court of Appeals, Tenth Circuit.

Feb. 19, 1943.

Julian B. Fite and Forrester Brewster, both of Muskogee, Okl., for appellant.

McGillivray Muse, of Dallas, Tex. (A. James Gordon, of McAlester, Okl., Eugene P. Locke and Locke, Locke, Dyer & Purnell, all of Dallas, Tex., on the brief), for appellee.

Before PHILLIPS, HUXMAN, and MURRAH, Circuit Judges.

PHILLIPS, Circuit Judge.

On August 29, 1941, Robert C. Storrie, Jr.,[1] as Administrator of the estate of R. C. Storrie, deceased, filed an involuntary petition in bankruptcy seeking to have the Storrie Coal Company[2] adjudged a bankrupt.

The act of bankruptcy alleged was that the Coal Company, while insolvent, between the 17th day of July, 1941, and the 31st day of July, 1941, suffered or permitted The McAlester Fuel Company[3] to obtain a lien upon property of the Coal Company through judicial proceedings by the levy of an execution.

The Fuel Company intervened in the proceeding and filed an answer in which it set up that its lien was obtained more than four months prior to the filing of the involuntary petition and that the judgment of the Administrator upon which he predicated his claim as a creditor was obtained by default, on a claim barred by the statute of limitations, and was collusive.

The court dismissed the petition. The Administrator has appealed.

In 1930, the Fuel Company loaned the Coal Company $20,000. The loan was not paid and on January 6, 1939, the Fuel Company recovered a judgment against the Coal Company on a note evidencing the loan, in the United States District Court for the Eastern District of Oklahoma, in cause No. 4754, for $20,627.59.

On September 24, 1940, an execution was issued upon the judgment and delivered to the United States Marshal, and on that date the Marshal levied the execution upon the coal and asphalt mineral rights of the Coal Company in 958.10 acres of land in Pittsburg County, Oklahoma, and thereafter advertised the property for sale on November 12, 1940. On November 9, 1940, the Administrator filed an intervening petition in No. 4754 and sought an injunction enjoining the sale on execution. The trial court entered an ex parte order restraining the Marshal from proceeding with the sale. A hearing on the application for a temporary injunction was set for November 18, 1940. On that date an order was entered continuing the temporary restraining order and resetting the hearing for November 26, 1940. On November 22, 1940, the Marshal returned the execution into court. The return recited the levy of the execution and that the Marshal had been temporarily restrained from making the sale. The Fuel Company filed an answer to the intervening petition in No. 4754 in which it alleged that the property was owned by the Coal Company and its lien under the judgment and execution was superior to any claim of the Administrator and prayed that the Coal Company be adjudged to be the owner of the property and that the Fuel Company's lien be adjudged to be valid and binding thereon. On May 15, 1941, the trial court entered its judgment in No. 4754 in which it adjudged that title to the property was in the Coal Company, that the Administrator had no lien on, and no right, title, or interest in or to the property and that the property was subject to the lien of the Fuel Company's judgment and to sale to satisfy such judgment under an execution in the hands of the Marshal. No appeal was taken from that judgment.

On July 17, 1941, another execution was issued on the Fuel Company's judgment. It was levied on the property by the Marshal on July 18, 1941. The property was again advertised for sale by the Marshal and was sold on September 2, 1941, to the Fuel Company.

On July 25, 1941, the Administrator filed a suit against the Coal Company in the District Court of Muskogee County, Oklahoma, on the same claim he had asserted in No. 4754 and which the trial court in that action had found to be unfounded. The alleged claim was also barred by limitation. The Administrator controlled the Coal Company and it made no defense to the action. On August 26, 1941, the Administrator recovered a default judgment for $9,049.34.

---

[1] Hereinafter called the Administrator.
[2] Hereinafter called the Coal Company.
[3] Hereinafter called the Fuel Company.

12 O.S.A. § 734 reads: "All real estate not bound by the lien of the judgment, as well as goods and chattels of the debtor, shall be bound from the time they shall be seized in execution."

12 O.S.A. § 770 reads: "If lands or tenements, levied on as aforesaid, are not sold upon one execution, other executions may be issued to sell the property so levied upon."

These sections were copied from Kansas. See Paragraphs 4541 and 4561, Gen.Stat. Kan., 1889.

■ Other executions issued under § 770, supra, perform the office of a writ of venditioni exponas at common law.[4] The land is bound from the time it is seized under the original execution. The alias writ, in its operation, relates back to the levy under the first execution.[5] It is not essential that the alias writ refer to the first execution, nor that the alias writ contain a distinct and direct command to sell the property previously levied upon under the first execution.[6]

■ The second execution performed the office of a writ of venditioni exponas, notwithstanding it did not refer to the prior execution and a second unnecessary levy was made thereunder.

■ A lien obtained by the levy of an execution is not lost by reason of the temporary arrest of the proceedings thereunder by an injunctive decree.[7]

■ The lien of the Fuel Company was acquired on September 24, 1940, and bound the property continuously thereafter. The lien of the Fuel Company having been acquired more than four months before the filing of the petition in bankruptcy, suffering or permitting acquisition thereof did not constitute an act of bankruptcy. Enforcement during the four months' period of a lien validly acquired before such period does not constitute an act of bankruptcy.[8]

Because of the view we take of the case in this posture, we deem it unnecessary to consider the other defenses raised to the involuntary petition.

Affirmed.

---

4 State v. Ogden, 173 Okl. 285, 49 P. 2d 565, 567; Ritchie v. Higginbotham, 26 Kan. 645, 647; Rain v. Young, 61 Kan. 428, 59 P. 1068, 1069, 78 Am.St. Rep. 325; First National Bank v. Farmers' National Bank, 61 Kan. 620, 60 P. 324.

5 State v. Ogden, 173 Okl. 285, 49 P. 2d 565, 568; Rain v. Young, 61 Kan. 428, 59 P. 1068, 1069, 78 Am.St.Rep. 325; Ritchie v. Higginbotham, 26 Kan. 645, 647.

6 State v. Ogden, 173 Okl. 285, 49 P.2d 565, 568; Ritchie v. Higginbotham, 26 Kan. 645, 647.

7 Kightlinger's Appeal, 101 Pa. 540, 546; Knox v. Randall, 24 Minn. 479, 497; Lamorere v. Cox, 32 La.Ann. 246, 249, 250; Mayes v. Cunningham, Mo. App., 204 S.W. 404, 406; Johnson v. Gillenwater, 75 Ark. 114, 87 S.W. 439, 440; Conway v. Jett, 3 Yerg., Tenn., 481, 24 Am.Dec. 590; Bartlett v. Doe ex dem. Gayle, 6 Ala. 305, 41 Am.Dec. 52; Freeman on Executions, 3d Ed., Vol. 2, § 271a, pp. 1529, 1530; Spelling on Injunctions, 2d Ed., Vol. 1, § 178; Black on Judgments, Vol. 1, § 470.

8 See Northwestern Pulp & Paper Co. v. Finish Luth Book Concern, 9 Cir., 51 F. 2d 340, 343, 344; Metcalf v. Barker, 187 U.S. 165, 174, 23 S.Ct. 67, 47 L.Ed. 122; Colston v. Austin Run Mining Co., 3 Cir., 194 F. 929, 935; Elkay Reflector Corp. v. Savory, Inc., 2 Cir., 57 F.2d 161, 162; Owen v. Brown, 8 Cir., 120 F. 812, 814; Remington on Bankruptcy, 4th Ed., Vol. 1, § 150; Id., Vol. 4, § 1882; Id., Vol. 5, § 2050.